Robert J. MEADE, Appellee,

v.

Robert W. ROLLER, Appellant.

No. 274.

Supreme Court of Iowa.

Nov. 14, 1973.

Arthur O. Leff, Iowa City, for appellant.

Clair E. Hamilton of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals judgment entered for plaintiff in a farm accident case tried to the court. He alleges the issues of negligence, contributory negligence and assumption of risk should have been decided against plaintiff as a matter of law. We affirm the trial court.

Plaintiff Robert J. Meade is a Johnson County farmer who does custom work for

other farmers in addition to conducting his own farming operation. Defendant Robert W. Roller employed plaintiff to cut and chop ensilage for him on October 9, 1969. Plaintiff used his own equipment, an 830 Case diesel tractor pulling a chopper and wagon. He knew there were washouts and ditches in defendant's field and asked defendant to point them out so he could avoid them.

Defendant sat on the lefthand fender of the tractor facing the driver's seat. Plaintiff said defendant's feet straddled the power take-off lever which transmits power from the tractor to the chopper through a driveshaft and system of belts and pulleys.

Plaintiff testified he had done some chopping when he saw smoke coming from the drive belts. He said he reached down to the power take-off lever and shut it off. He left the tractor running because he said he would have to use its hydraulic system to raise the chopper header to inspect it. He dismounted and viewed the right rear side of the header but was unable to see the cause of stoppage. He said he then returned to the right side of the tractor and used the hydraulic lever to raise the header. There is no connection between that lever and the power take-off lever. After raising the header he examined it from underneath on the right side of the chopper but still saw no reason for the stoppage. Plaintiff testified he then crossed the front of the chopper to get to its left side to check the belts to see if they were warm. As he passed the tractor he observed defendant was still seated on the fender. He said he grasped the belts lightly with his thumb on top and fingers underneath, and just as he did so they started in motion, pulled his right hand into the pulley which works the gear box, and the pulley severed parts of three fingers. He testified he turned around and saw defendant had moved from the fender to the tractor seat.

In his petition, plaintiff alleged that defendant negligently struck or kicked the power take-off lever in moving from the fender to the tractor seat, throwing the chopper into gear so the belts started moving, thus proximately causing plaintiff's injury. Plaintiff offered his own testimony and that of three other witnesses familiar with the operation of the tractor that when the power take-off lever is disengaged the chopper belts have no source of power and will not move.

Trial court found for plaintiff on his theory. Its findings of fact include:

"Prior to inspecting the clogged chopper plaintiff stopped his tractor, disengaged the clutch that controlled the power take-off on the tractor that provided power to the chopper, and the chopper had no power from the tractor to move its gears and belts. While plaintiff was inspecting the machine defendant * * * on his own volition moved from the left fender to the driver's seat of the tractor. Defendant is an experienced farmer and is familiar with tractors and their operation and the operation of a silage chopper. The defendants, in so moving, was negligent as specified in plaintiff's petition, paragraph 7, subparagraph (c), which negligence was the proximate cause of the accident, plaintiff's injury and his damages."

Trial court also found plaintiff was free from contributory negligence and did not assume the risk of injury.

Defendant disputed much of plaintiff's testimony. He denied that he sat astride the power take-off lever, that plaintiff disengaged it before dismounting, that he was still on the fender when plaintiff passed in front of the chopper, and that he knocked the lever in gear. Defendant also offered testimony of a mechanic who said it would take 45 pounds of pressure to put the lever in gear. He also said if the clutch mechanism was defective it might not brake properly when the gear was disengaged, and this could exert enough force on the drive shaft to move the belts. He believed

distortion or wear in the clutch discs could lead to the same result. He said on some choppers momentum from the operation of a flywheel on an overriding clutch could exert enough friction to move the belts despite disengagement of the power take-off lever.

In rebuttal plaintiff controverted this testimony. He said the power take-off lever could be put in gear using one finger, without moving it past the center position. He testified there was no defect in the power take-off clutch mechanism on his tractor, and the overriding clutch on his chopper was so constructed it could not create friction to move the belts.

■ Several rules so well established as not to require citation of authority are involved in deciding this appeal. Findings of fact in a law action are binding upon us if supported by substantial evidence. Generally questions of negligence, contributory negligence, and proximate cause are for the trier of fact; it is only in exceptional cases that they may be decided as a matter of law. Even when facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them, a question of fact is engendered. An issue may be proven by circumstantial evidence, but this evidence must be such as to make the theory of causation reasonably probable, not merely possible, and more probable than any other theory based on such evidence. Generally, however, it will be for the trier of fact to say whether circumstantial evidence meets this test.

We view the evidence in its most favorable light to trial court's finding of facts for plaintiff. We need only consider the evidence favorable to plaintiff whether or not it is contradicted. Reichle v. Zeman, 204 N.W.2d 636, 637 (Iowa 1973); Dobson v. Jewell, 189 N.W.2d 547, 550 (Iowa 1971).

■ I. *Negligence.* We are convinced the question of defendant's negligence was for the trier of fact in this case, and trial court's finding of negligence is supported by substantial evidence.

■ Defendant contends his mechanic's testimony established the insufficiency of plaintiff's circumstantial evidence as a matter of law so that trial court had no choice but to find plaintiff failed to prove his theory of causation was reasonably probable. He overlooks the right of the trier of fact to weigh expert opinion evidence as he does other evidence and accept it in whole, in part, or not at all. Olson v. Katz, 201 N.W.2d 478, 482 (Iowa 1972); see Ganrud v. Smith, 206 N.W.2d 311 (Iowa 1973). The sufficiency of plaintiff's circumstantial evidence was for the trier of fact in this case as in most cases.

■ II. *Contributory negligence and assumption of risk.* Since this is a case where the defense of contributory negligence was available to defendant he may not rely upon assumption of risk. Rosenau v. City of Estherville, 199 N.W.2d 125, 133 (Iowa 1972).

■ Defendant urges plaintiff's failure to turn off the tractor ignition establishes his injury was proximately caused by his own negligence as a matter of law. Plaintiff responds that he had to keep the tractor running in order to lift the chopper header with its hydraulic system. He also asserts he had no intention of working on the machinery while the tractor was running; he was only inspecting it. And he says he had a right to rely upon the disengagement of the power take-off lever in touching the chopper belts.

Resolution of this issue depends largely upon the same evidence as bears on the issue of defendant's negligence. The credibility and weight of that evidence was for the trier of fact. Defendant did not prove plaintiff's injury was proximately caused by his own negligence as a matter of law.

We find no merit in either of defendant's assignments of error.

Affirmed.