STATE of Iowa, Appellee,

v.

Daryl E. BROOKS, Appellant.

No. 258/94–202.

Supreme Court of Iowa.

Nov. 22, 1995.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, William E. Davis, County Attorney, and Hugh Pries, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

Daryl E. Brooks was convicted of three counts of delivery of a controlled substance in violation of Iowa Code section 124.401(1)(c) (1993). He appealed, asserting an abuse of the trial court's discretion in refusing to appoint substitute counsel and ineffective assistance of counsel. On appeal, the court of appeals preserved for postconviction proceedings issues regarding the court's exercise of discretion regarding substitution of counsel and alleged ineffective assistance of counsel. It otherwise affirmed. We vacate the court of appeals decision and affirm the judgment of the district court.

## I. *The Appointment of Substitute Counsel.*

Approximately one week prior to the date scheduled for trial the defendant wrote to the court requesting the appointment of new counsel. He cited strategic differences with his counsel, counsel's failure to properly investigate his case, and the failure of counsel to communicate with him. Specifically, his letter complained that his lawyer had failed to (1) secure expert testimony concerning difficulties in Caucasians identifying black persons, (2) spend adequate time consulting with him, (3) obtain pictures of a "look-alike" for whom Brooks contends he was mistaken, and (4) check jail records to see if Brooks might have been in jail at the time of the offenses.

In the face of these assertions, Brooks' attorney moved to withdraw from the case. She stated that she was prepared for trial, but the defendant's lack of confidence in her made it difficult for her to continue. The court denied both the motion to withdraw and the defendant's request for substitute counsel.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Assistant Appellate Defender, for appellant.

■■■ A defendant must demonstrate sufficient cause to warrant the appointment of substitute counsel. *State v. Webb,* 516 N.W.2d 824, 828 (Iowa 1994). The court has substantial discretion in ruling on such matters, particularly when the motion is made on the eve of trial, as here. *See State v. Hutchison,* 341 N.W.2d 33, 42 (Iowa 1983). Appellate review is for abuse of discretion. *Webb,* 516 N.W.2d at 828; *Hutchison,* 341 N.W.2d at 41–42. Sufficient reasons include a conflict of interest, an irreconcilable conflict with the client, or a complete breakdown in communications between the attorney and the client. *Webb,* 516 N.W.2d at 828. A defendant must ordinarily show prejudice, unless he has been denied counsel or counsel has a conflict of interest. *Williams v. Nix,* 751 F.2d 956, 960 (8th Cir.1985). In the present case, Brooks must show prejudice because he does not claim either of the last two *Williams* grounds.

■ Brooks' complaint regarding his lawyer's failure to obtain photos of a look-alike was effectively neutralized by a pretrial photo identification in which the officers identified Brooks from a group of persons selected by Brooks. Also, it was clear that the "look-alike" did not have a particular scar that made Brooks' appearance unique.

■ As to Brooks' claim that his attorney failed to secure the appointment of an expert witness to testify to the problems of "cross-racial identification," the defendant could have suffered no prejudice because the court made it clear in its ruling that it would not have allowed such testimony anyway.

We find that none of the claims of pretrial ineffectiveness, including counsel's failure to check the jailhouse roster, were substantial enough to mandate the appointment of substitute counsel, and we find no abuse of discretion in the trial court's refusal to do so.

## II. *The Ineffective–Assistance Claims.*

The defendant complains that his counsel rendered ineffective assistance at trial because she failed to object to the attachment of evidence tags that went to the jury and failed to move for a mistrial based on events outside the record.

A. It is undisputed that the State's exhibits of the seized drugs went to the jury room with evidence tags still affixed and that defense counsel did not object. We have held that this is error. *State v. Shultz,* 231 N.W.2d 585, 587 (Iowa 1975); *State v. Branch,* 222 N.W.2d 423, 427 (Iowa 1974).

In *Shultz,* identification tags were attached to eight state exhibits and two defense exhibits. The defendant's attorney objected, but the objection was overruled. We reversed on the ground that the attached tags had the effect of emphasizing the state's evidence. We said that prejudicial error occurs even when the recitals on the tags are merely cumulative of the State's evidence. *Shultz,* 231 N.W.2d at 587.

In *Branch,* the evidence tags were attached to heroin exhibits presented by the State. The tags were substantially the same as those in the present case, providing identification of the drug, the name of the defendant, the agents involved, and the time and date of delivery. We noted the general rule that error in admitting hearsay must be presumed to be prejudicial "unless the contrary is affirmatively established." *Branch,* 222 N.W.2d at 427. We reversed the conviction.

In *State v. Gallup,* 500 N.W.2d 437 (Iowa 1993), we discussed the *Shultz* and *Branch* cases but noted that in some circumstances the submission of evidence with tags attached would not be reversible error. In *Gallup,* the defendant admitted that he sold LSD, so the identification was not contested and because of that it was harmless error to submit the tags.

■ In this case, the defendant has not challenged any of the information contained on the evidence tags except their identification of the defendant as the seller of the drugs. The defendant claimed at the trial that he was mistakenly identified, but there was strong evidence to the contrary: the officers had numerous and lengthy dealings with him during their undercover operations, they identified him at the time of each of the sales, and they picked his photograph from a lineup immediately before the trial. The distinguishing scar on his cheek made identification even more conclusive.

We believe that under the record in this case any error in admitting the evidence was harmless, and therefore the defendant has failed to establish that he was prejudiced by the failure of his counsel to object. *See State v. Carberry*, 501 N.W.2d 473, 477 (Iowa 1993) (admission of evidence must have been "outcome determinative").

B. Brooks alleges other grounds for his ineffective-assistance-of-counsel claim. First, he complains that his counsel failed to request a mistrial after jurors saw him in handcuffs on the first day of the trial. In addition, he complained that his counsel had failed to investigate and follow up on a "heated debate" between the county attorney and another person in the presence of the jury.

We conclude that the record is inadequate to rule on these additional claims regarding alleged ineffectiveness of counsel, and we therefore preserve the issue for postconviction proceedings.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**