# IN THE COURT OF APPEALS OF IOWA

No. 16-0237
Filed January 11, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DWIGHT DERON COOKE,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Paul L. Macek, Judge.

A defendant appeals his conviction. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

Dwight Cooke appeals his convictions for willful injury causing serious injury, in violation of Iowa Code section 708.4(1) (2013), and domestic abuse assault with intent or while displaying a dangerous weapon, in violation of Iowa Code section 708.2A(2)(c).  Cooke asserts the district court erred in denying his counsel's motion to withdraw and in admitting evidence regarding the victim's car.  Because we conclude the district court did not abuse its discretion on either claim, we affirm.

I.      Background Facts and Proceedings

On January 23, 2015, Cooke met up with his former fiancé, Haley Ploog, in order to give her belongings intended for their son.  After picking up the items from Cooke's apartment, the two drove around for a short time, then parked on a residential street and talked.  Initially, the conversation was calm, but the two eventually began arguing about various personal matters.  Ploog testified that Cooke got "madder and madder" as the conversation went on.  She further stated that he pulled out a small "X-Acto" knife and threatened to kill her.  While attempting to get out of the car, Cooke grabbed her by the waist and tried to stop her.  Ploog, falling to the ground, felt Cooke's hand on her face; then, as blood began running down her face, she knew she had been cut.  Cooke jumped out of the car and stood over Ploog.

Just then, Jacob Sanders and Katherine Polz drove by, noticed the struggle, and stopped.  Sanders asked if Ploog was okay; Cooke told them to "leave her alone, we're fine," but hearing Ploog's pleas, the two stayed to give assistance.  Cooke fled the immediate scene, but Ploog saw him standing

nearby. She retrieved her purse from her car but left the engine running. Sanders and Polz helped Ploog dial 911 and drove her to the hospital; she was eventually transported to the University of Iowa Hospital in Iowa City, where she underwent plastic surgery due to the depth of the laceration on her face.

Ploog's car went missing that night. Three weeks later, it was recovered by police outside Cooke's apartment. When the car was returned to her, Ploog identified several items she knew belonged to Cooke inside the car. A piece of mail addressed to Cooke was also located inside the vehicle.

On March 19, the State charged Cooke with willful injury causing serious injury and domestic abuse assault. Trial was set for June 1 with the speedy trial date set to run on June 17. On May 22, Cooke's counsel filed a motion to withdraw claiming Cooke had refused to see him on multiple occasions and had refused to cooperate in preparation for trial. A pretrial conference was held on May 27, where the issue was initially discussed but not fully submitted. At the start of trial on June 1, the district court heard additional argument detailing Cooke's troubled relationship with his counsel and the difficulties of assigning new counsel because of speedy trial requirements. Cooke also filed a motion in limine that sought to preclude the State from introducing evidence regarding Cooke's possession of Ploog's car. The district court allowed the State to present evidence regarding the vehicle so long as the evidence did not imply the vehicle was stolen. Following trial, a jury convicted Cooke of both counts. Cooke filed a motion for a new trial, which the district court denied. Cooke appeals.

II.     Standard of Review

We review a district court's decision regarding counsel's motion to withdraw for an abuse of discretion. *State v. Brooks*, 540 N.W.2d 270, 272 (Iowa 1995). We also review evidentiary rulings for abuse of discretion. *State v. Huston*, 825 N.W.2d 531, 536 (Iowa 2013).

III.    Counsel's Motion to Withdraw

Cooke argues the district court erred in denying his counsel's motion to withdraw prior to trial because a complete breakdown of the attorney-client relationship had occurred, which justified substitution of counsel. The State responds Cooke did not show such a breakdown in communication and Cooke's issues with his counsel had the indicia of a delay tactic.

District courts have substantial discretion when ruling on motions to withdraw counsel, "particularly when the motion is made on the eve of trial." *Brooks*, 540 N.W.2d at 272. A defendant must demonstrate sufficient cause for the withdrawal, such as "a conflict of interest, an irreconcilable conflict with the client, or a complete breakdown in communications between the attorney and the client." *Id.* If sufficient cause is shown, a defendant must ordinarily also show prejudice. *Id.*

Here, Cooke claimed a complete breakdown of communications between him and his counsel. In its ruling on the motion for a new trial, the district court noted that it was Cooke who had caused the communications issues:

> The defendant overlooks the fact that it was the defendant himself who refused to meet with his attorney. This refusal occurred twice, on May 13, 2015, and again on May 21, 2015. The defendant's election not to meet with his attorney was an election that he made.

This attorney represents his clients well, as was evidenced by the attorney's participation in the trial and by these motions.

The court also included its observation that Cooke and his counsel communicated well throughout trial and concluded that Cooke had not shown a complete breakdown of communications. Further, the court emphasized that the request came on the eve of trial, that Cooke had not waived speedy trial, and that appointing substitute counsel would have been difficult. Our review of the record indicates the district court's observations about Cooke's relationship with counsel were sound and its concerns about appointing substitute counsel on the eve of trial were valid. Further, from our review of the record, we agree that Cooke received adequate representation from trial counsel. Therefore, we conclude the district court did not abuse its discretion in denying Cooke's counsel's motion to withdraw.

IV.     Evidence Related to Ploog's Car

Cooke asserts the district court erred by allowing the State to introduce evidence related to his possession of Ploog's car and the items that were found in the car. The State claims this evidence was relevant to identifying Cooke as the assailant and therefore properly admitted.[1]

Generally, evidence is admissible as long as it is relevant. Iowa R. Evid. 5.402. Evidence is "relevant" when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.402. The court limited the State's use of the evidence to the issue of identity and

---

[1] Although the State asserts Cooke failed to preserve error on his evidentiary claim, we find it adequately, albeit marginally, preserved by the district court's ruling in limine.

warned against the implication Cooke had stolen the vehicle. Identity of Ploog's assailant was the main issue at trial, as Cooke claimed he was not the person that attacked Ploog. Ploog identified Cooke as the attacker, and she also testified that she last saw her car at the scene on the night she was attacked, with Cooke standing nearby. Accordingly, locating Ploog's car near Cooke's apartment with his belongings and mail inside linked him to the attack. Because the evidence related to Ploog's car was relevant to corroborate Ploog's testimony as to the identity of her assailant, the evidence was admissible, and the district court did not abuse its discretion in admitting such evidence.

V.    Conclusion

Because we conclude the district court did not abuse its discretion in denying Cooke's counsel's motion to withdraw or in admitting evidence of the location and contents of Ploog's vehicle, we affirm Cooke's convictions.

**AFFIRMED.**