# IN THE COURT OF APPEALS OF IOWA

No. 17-2030
Filed June 20, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CRYSTAL L. PION,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marion County, Dustria A. Relph,

Judge.

The defendant appeals the district court's denial of her request for substitute

counsel.  **AFFIRMED.**

Marshall W. Orsini of Law Offices of Marshall W Orsini, P.L.C., Des Moines,

for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Crystal Pion appeals her conviction for violation of a custodial order, a class "D" felony in violation of Iowa Code section 710.6 (2015). On appeal, Pion maintains the district court abused its discretion when it denied her pro se motion for substitute counsel, which she filed several months after pleading guilty.

**I. Background Proceedings.**

On August 4, 2017, Pion pled guilty to violating a custodial order. Pion was informed on the record that she had to file a motion in arrest of judgment within forty-five days if she wanted to contest her guilty plea.

Sentencing was initially set to take place on October 12. However, on October 11, Pion's counsel filed a motion to continue sentencing in order to allow Pion to "arrange the transfer of [her] probation to [her] home state" of Texas. The State did not resist, and sentencing was rescheduled for December 14.

On November 28, 2017, Pion filed a pro se motion requesting substitute counsel be appointed. Pion alleged that her attorney had not responded to her communications since October 11. Additionally, she claimed her attorney "urged her to plead guilty and states there is no defense however we really have only discussed the case a max of about 30 minutes since March 2017." She asked for sentencing to be "postponed until January or February in order to consult with a new appointed attorney."

The court took up the issue at the time scheduled for the sentencing hearing on December 14. At the outset, the court stated to Pion, "This is your motion. What would you like for me to know?" In response, Pion said:

> I have reached out to my attorney multiple times to get more clarification on the case and what to expect, what the next step was. I would not get responses for a very long time, a very long time. I was urged to just plead guilty because it was stated that I did not have a defense.
>
> . . . .
>
> I just want my best possible defense is all. I don't really know if pleading guilty was the right thing to do. I don't know if there is a way to change that without consulting with another attorney.

Pion's attorney responded:

> I, obviously, respect my client's desire to have a new attorney. If she wants a new attorney, she certainly can. There was, in my opinion, sufficient contact between my client and myself since the plea date. Now there has not been a lot of contact, just because there is not a lot for us to talk about.
>
> I know she was concerned about who she had to pay the supervision fee to, to which I gave her my best answer.
>
> As far as forcing her to plead guilty, Judge, in my personal opinion—my professional opinion based on the facts of this case and my knowledge of the case law, there was one potential defense that ended up not being a defense. That was very clear by the case law. I informed my client of that. There is no legal defense in this case. We pled guilty. I certainly didn't force my client to plead guilty. I explained what her options were. She wanted to move forward and ask for a deferred judgment. That is what we did.

The State resisted Pion's motion, noting that it was made "after the plea had been accepted" and that the "plea was made on the record back in August" and was a "valid plea."

When asked if she had anything further to state, Pion responded:

> Again, I did not have a good chance to speak with my attorney. I have offered documents as to what led up to this act. She has not reviewed any of those documents. Nothing. We have only discussed the case by phone about 10 minutes total. The rest of the communications were by email and very vague.

The district court denied Pion's motion and proceeded to sentencing.

Pion was sentenced to a suspended term of incarceration not to exceed five years and two years of probation. She appeals.

**II. Standard of Review.**

We review the district court's denial of a motion for substitute counsel for an abuse of discretion. *State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001). "To establish an abuse of discretion, [Pion] must show that 'the court exercised the discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Id.* (quoting *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997)).

**III. Discussion.**

Pion maintains the district court abused its discretion when it denied her motion for substitute counsel. She claims the court failed to ask questions to ascertain a breakdown in communication between Pion and counsel.

"When a defendant represented by a court-appointed attorney requests the court appoint substitute counsel, sufficient cause must be shown to justify replacement." *State v. Tejada*, 677 N.W.2d 744, 749 (Iowa 2004). "Sufficient cause includes a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between attorney and the defendant." *Id.* at 749–50 (quoting *Lopez*, 633 N.W.2d at 779). When a defendant requests substitute counsel based on an alleged breakdown in communication, the court has a duty to inquire into the allegations. *Id.* at 750.

Here, there was no evidence that the relationship between Pion and her attorney had deteriorated to the point where Pion's right to counsel was violated. S*ee U.S. v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002) ("[T]o prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible."); *cf. Tejada*,

677 N.W.2d at 752 (requiring court to inquire when defendant's relationship with counsel had deteriorated "so far that he was withholding evidence from his attorney"). While Pion complained about the amount of contact between herself and her attorney, the issue appeared to arise after October 11. At that time, the attorney's range of actions for Pion was limited, as Pion had entered a guilty plea more than two months prior and was awaiting sentencing. Insofar as Pion may have wanted to talk to her counsel more about possible defenses or whether she made the right decision to plead guilty, the time for Pion to challenge her guilty plea had passed. Additionally, the attorney stated that she had responded to Pion's one other question—regarding who Pion would pay for the costs of supervision under probation—to the best of her ability. Pion did not dispute this claim.

In denying Pion's request, the court took these and additional considerations into account, stating:

> You entered a guilty plea on the record to this offense back—it looks like August 4th. That is more than four months ago. You filed a request for new counsel on November 28th, which was three and a half, almost four months after you entered your guilty plea. Four months after you entered your guilty plea is way beyond time to complain about the plea that you entered, whether anything was wrong with that, whether something was done wrong. The time to address that has well passed by now. Your guilty plea, again, was on the record. I know that you had to have been asked whether what you were doing was done freely and voluntarily and without any duress, threats, or coercion; that you had to be fully informed; that you were asked if there were any defenses. If you made it through that guilty plea and that guilty plea was accepted, you failed to file anything past that within the allotted times, and even today you are not even telling me that there is anything wrong with the guilty plea that you entered. I believe that the time to appoint a new attorney has passed. There is really nothing that I can tell that a new attorney could do for you at this point. It is all in the judge's hands now.

As far as [your counsel], my experience with her has been that she is a very intelligent, qualified, and experienced criminal defense attorney. I have not gotten any evidence from you that there has been anything that she has failed to do on your behalf that she should have done. All I have is just statements, no proof, nothing at all.

Again, at this point in the ballgame it is pretty late to be requesting new counsel. There is not much that can be done on your behalf at this point going forward. I am going to deny the request for a new attorney. I have also taken into consideration the fact that you live in Texas now is my understanding. If we gave you a new attorney, we would continue this on out again, cause added expense for you and the State and everybody involved. It is just time to get this resolved. So your motion is denied.

Based on this record of the court's considerations and the late nature of Pion's request, we cannot say the district court abused its discretion in denying Pion's motion. *See Tejada*, 677 N.W.2d at 750 ("Last-minute requests for substitute counsel, insofar as they constitute a delay tactic, are disfavored."). Moreover, Pion has neither established that she was prejudiced by the court's denial of her request nor claimed to fall within one of the three recognized exceptions to the requirement to prove prejudice. *See State v. Brooks*, 540 N.W.2d 270, 272 (Iowa 1995) (requiring a defendant claiming the district court abused its discretion in denying a motion to substitute counsel to "show prejudice, unless [the defendant] has been denied counsel or counsel has a conflict of interest"); *see also State v. Boggs*, 741 N.W.2d 492, 507 (Iowa 2007) (requiring a defendant appealing the district court's denial of a motion to substitute counsel to establish prejudice unless the defendant falls into the third exception, which is recognized "when 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing'" (citation omitted)).

We affirm the district court's denial of Pion's motion to substitute counsel.

**AFFIRMED.**