# IN THE COURT OF APPEALS OF IOWA

No. 18-0543
Filed December 5, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KATRINA EUBANKS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


        Defendant appeals her convictions for neglect of a dependent person and

dependent-adult abuse resulting in injury.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.



        Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Katrina Eubanks appeals her convictions for neglect of a dependent person and dependent-adult abuse resulting in injury. We find the district court did not abuse its discretion in denying Eubanks's post-plea motion for new counsel. We affirm the district court.

## I.       Background Facts & Proceedings

From 2015 to 2017, Eubanks was employed as a caregiver for A.B., a young adult female with cerebral palsy. A.B. is unable to take care of herself. On May 28, 2017, Eubanks filled a bathtub with scalding hot water. Outside Eubanks's supervision, A.B. got into the bath and sustained second-degree burns. Eubanks did not seek medical attention for A.B. for five days or disclose the burns to A.B.'s family or her employer. Following A.B.'s injuries, Eubanks drove A.B. to Florida without telling anyone where they were going, using only over-the-counter ointment to treat A.B.'s burns. A.B.'s burns turned septic before Eubanks sought medical assistance for her in Florida. A.B., who had blisters all over her body, was hospitalized for two weeks. The hospital discovered a piece missing from A.B.'s feeding tube, which Eubanks stated had been missing for a while and instead she had been feeding A.B. apple sauce.

On October 29, the State charged Eubanks with one count of kidnapping in the first degree, in violation of Iowa Code sections 710.1(4) and .2 (2017), and two counts of neglect of a dependent person, in violation of section 726.3. Eubanks entered into a plea agreement with the State and on February 9, 2018, pleaded guilty to the two counts of neglect of a dependent person and an amended count of dependent-adult abuse resulting in injury. At the plea hearing, Eubanks initially

decided not to enter a plea but changed her mind and accepted the plea offer after a short recess. As part of the plea, the parties jointly recommended consecutive sentences.

In a letter written February 12 and received by the court on February 27, Eubanks requested a new attorney simply stating, "I am not happy with my representation" and suggesting alternate counsel. In a second letter dated February 27, Eubanks renewed her request claiming her counsel had been dishonest and provided erroneous instruction regarding her plea. The court treated the letters as a motion to change representation; following a hearing, the court denied Eubanks's request. The court entered judgment and sentence on March 28, imposing three consecutive terms of ten years on each count to be served concurrent to a sentence imposed by the state of Florida. Eubanks appeals the district court's denial of her post-plea request for a new attorney.

## II.     Standard of Review

"The decision to grant a motion for substitute counsel is a matter within the trial court's discretion." *State v. Tejeda*, 677 N.W.2d 744, 750 (Iowa 2004). "To establish an abuse of discretion, [a defendant] must show that 'the court exercised the discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001) (quoting *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997)).

## III.     Analysis

"Where a defendant represented by a court-appointed attorney requests the court appoint substitute counsel, sufficient cause must be shown to justify replacement." *Tejeda*, 677 N.W.2d at 749. "Sufficient reasons include a conflict

of interest, an irreconcilable conflict with the client, or a complete breakdown in communications between the attorney and the client." *State v. Brooks*, 540 N.W.2d 270, 272 (Iowa 1995). The court has "a duty of inquiry once a defendant requests substitute counsel on account of an alleged breakdown in communication." *Tejeda*, 677 N.W.2d at 750. If the court denies a motion for substitute counsel, the defendant must show either prejudice or a conflict of interest. *Lopez*, 633 N.W.2d at 779.

Here, the court conducted an inquiry with Eubanks on her motion for new counsel prior to sentencing. The court expressly asked Eubanks why she wanted new counsel, and Eubanks answered at length. In particular, Eubanks claimed her counsel "kept badgering me, coercing me, trying to tell me why I should take [the plea offer]." Eubanks stated she did not feel her attorney believed her, would not defend her to the best of the attorney's abilities, misled her regarding her Florida conviction, and misled her about when she might parole out. Her attorney responded as far as attorney–client privilege would allow.

The court found Eubanks's counsel was "competent, and she has performed her duties, to this court's observation, according to the law and according to the ethical canons." The court denied Eubanks's motion.

We note at the plea hearing Eubanks told the court she was satisfied with the services of her attorney. The only proceedings remaining at the time of Eubanks's request were a motion in arrest of judgment and a sentencing hearing where the parties had agreed to the sentence in the plea agreement. "Last-minute requests for substitute counsel, insofar as they constitute a delay tactic, are disfavored." *Tejeda*, 677 N.W.2d at 750. The court's decision to deny Eubanks's

motion was neither based on clearly untenable reasons nor a clearly unreasonable exercise of discretion.  We affirm the district court.

**AFFIRMED.**