# IN THE COURT OF APPEALS OF IOWA

No. 23-2029
Filed February 19, 2025

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JAMES KELLY CORRON,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Henry County, Clinton R. Boddicker, Judge.


　　　　James Corron appeals from his conviction for delivery of less than five grams of methamphetamine as a habitual offender. **AFFIRMED.**


　　　　Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

　　　　Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.


　　　　Considered by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

James Corron appeals from his conviction for delivery of less than five grams of methamphetamine as a habitual offender under Iowa Code sections 124.401(1)(c)(6), 902.8, and 902.9 (2022). Corron's sole claim on appeal is that the district court improperly denied his mid-trial request for substitution of counsel because of a "complete breakdown in the attorney-client relationship," giving rise to a "personal conflict of interest" with his defense counsel. We reject Corron's claim on appeal and affirm.

**I.     Background Facts and Proceedings**

In June 2021, Corron purchased methamphetamine from a confidential informant. The State charged Corron with delivery of less than five grams of methamphetamine as a habitual offender. Corron's trial commenced in September 2023. On the second day of trial, Corron requested a new attorney.

The district court conducted a hearing on the request. Corron stated that he was displeased with counsel's representation because counsel had offered multiple times to withdraw from the case and the two had reached an impasse about several aspects of trial strategy. Noting Corron had changed counsel several times and that they were in the middle of the trial, the district court offered Corron a choice between continuing with his current counsel or representing himself. When Corron declined to represent himself, the district court overruled the motion, stating, "To the extent that there was a motion for change of counsel, that motion will be overruled." The trial proceeded, and Corron was convicted as charged. He was sentenced to an indeterminate fifteen-year term of incarceration with a mandatory minimum period of three years. Corron appeals.

## II.    Standard of Review

We review a ruling on a motion for substitution of counsel for abuse of discretion. *See State v. Tejeda*, 677 N.W.2d 744, 749 (Iowa 2004). "We will only find an abuse of discretion if the trial court exercised its discretion on clearly untenable or unreasonable grounds." *State v. Petty*, 925 N.W.2d 190, 194 (Iowa 2019).

## III.    Analysis

Corron argues the district court abused its discretion in denying his motion for substitute counsel. Corron alleges a complete breakdown in the attorney-client relationship and asserts the breakdown was so great as to cause a "personal conflict of interest" between himself and his defense counsel.[1] But the right to counsel "does not guarantee a 'meaningful relationship between an accused and his counsel.'" *State v. Lopez*, 633 N.W.2d 744, 778 (Iowa 2001) (citation omitted). "The grounds to justify the appointment of substitute counsel include a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between the defendant and counsel." *State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007).

Additionally, to succeed on a challenge to a ruling on a motion for substitute counsel, "[a] defendant must ordinarily show prejudice, unless . . . counsel has a

---

[1] The State argues that Corron's request for new counsel on the second day of trial did not constitute a motion, and thus the district court's statement that "to the extent there was a motion for change of counsel, that motion will be overruled" shows error was not preserved. Despite the lack of a formal motion, this court will liberally construe statements and writings made by a defendant when they intend to request substitute counsel. *See State v. Leonhard*, No. 16-1318, 2017 WL 3279147, at *3 (Iowa Ct. App. Aug. 2, 2017).

conflict of interest." *State v. Brooks*, 540 N.W.2d 270, 272 (Iowa 1995). The later the request for substitution of counsel is made, the more heavily it weighs against the defendant. *Boggs*, 741 N.W.2d at 506.

Corron does not address an irreconcilable conflict, so we address only whether there was a complete breakdown in communication or a conflict of interest.

## A. Complete Breakdown in Communication

To prove a complete breakdown in communication, Corron must show that contact with his attorney was so minimal that it was impossible for the two to meaningfully communicate. *Tejeda*, 677 N.W.2d at 752. We conclude Corron has not made such a showing. *See State v. Awino*, No. 23-0928, 2024 WL 4220580, at *4 (Iowa Ct. App. Sept. 18, 2024).

Corron and defense counsel disagreed about various aspects of pre-trial and trial strategy. The record reflects that Corron asked for the deposition of a certain witness, which counsel determined would not help Corron's defense. And Corron equivocated on counsel's advice to take a plea bargain from the State. Despite these disagreements, defense counsel also created a strategy for Corron if he chose to proceed to trial. In a communication between the two just before trial, defense counsel informed Corron that he would still "make sure [Corron] get[s] a fair jury" if he declined the plea bargain. Counsel stated that despite not taking the deposition of Corron's challenged witness, counsel advised of Corron's option to "take the stand . . . so we could discuss it with him as a witness." And counsel confirmed his position that "he can do a good job" in representing Corron if he continued representation. After the hearing on Corron's request, the court

recessed and independently analyzed the correspondence between Corron and defense counsel. In reviewing emails between the two, the district court found discussion regarding pleas, evidence, possible defenses, and witness credibility.

Corron's arguments are best summarized as disagreeing with the defense counsel's methods rather than being unable to communicate. *See State v. Hagenow*, No. 22-1958, 2024 WL 2042137, at *9 (Iowa Ct. App. May 8, 2024) ("Most importantly, [the defendant's] arguments lack merit and suggest more generally a distaste for his attorney's methods than a real communication issue."). Although Corron and defense counsel's emails show disagreements about trial strategy and some general distaste for one another, "general frustration and dissatisfaction with counsel" is not enough to establish a communication breakdown. *Boggs*, 741 N.W.2d at 506. Corron has not demonstrated a complete breakdown in communication.

### B. Conflict of Interest

To support his claim of a conflict of interest, Corron points to statements made by defense counsel before trial, including, "I don't need your rudeness; and there were more deserving clients whose cases needed my attention" and, "If you don't want to have me depart your defense, then I expect you to take a respectful tone when you are talking to me." Corron also alleges that defense counsel lied to him. The sum of these incidences, Corron claims, rises to a conflict of interest, which, if true, would exempt Corron from the need to establish prejudice. *See Brooks*, 540 N.W.2d at 272.

Corron likens this allegation to a defendant filing an ethical complaint against his own attorney, such as in *Connor v. State*, 630 N.W.2d 846, 847–49

(Iowa Ct. App. 2001). But the record suggests that Corron either misspoke or later recanted his initial accusation. While Corron initially claimed defense counsel lied to him by "sa[ying] he was going to [schedule a deposition of Corron's challenged witness]," Corron seemed satisfied with the court's recollection that the record showed Corron and defense counsel had discussed the fact that a decision on whether to take depositions would be made after Corron decided whether or not he was taking a plea deal.. In short, while there were differences of opinion between Corron and defense counsel, "conflict" is not a "conflict of interest." *See Awino*, 2024 WL 4220580, at *4 n.3.

## IV.    Conclusion

We find no abuse of discretion by the district court in denying Corron's mid-trial request for substitute counsel, as Corron failed to establish a complete breakdown in the attorney-client relationship or a conflict of interest.[2] We affirm.

**AFFIRMED.**

---

[2] Because we have determined that Corron has not demonstrated either a complete breakdown in communication or a conflict of interest, we do not address prejudice.