# IN THE COURT OF APPEALS OF IOWA

No. 18-0502
Filed June 5, 2019

**DONSHEY PURNELL REED,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Donshey Reed appeals the district court's denial of his application for postconviction relief. **PCR DECISION AFFIRMED; SENTENCES VACATED IN PART AND REMANDED FOR RESENTENCING.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Potterfield, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Presiding Judge.**

Donshey Reed pled guilty to possession of marijuana with intent to distribute (second or subsequent offense) (Count I), delivery of marijuana (second or subsequent offense) (Count II), drug-tax-stamp violation (Count III), possession of a firearm by a felon (Count IV), trafficking stolen weapons (Count V), and eluding (Count VI). The district court sentenced Reed to serve prison terms not exceeding fifteen years on Counts I and II, five years on Counts III, IV, and V, and one year on Count VI; with the sentences to run concurrently. The court fined Reed $750 plus a 35% surcharge on Counts I through V and $315 plus a 35% surcharge on Count VI. The court also imposed a drug-abuse-resistance-education (DARE) surcharge on Counts I through IV and a law-enforcement-initiative (LEI) fee on Counts I through III and Count V.

Reed filed a postconviction-relief (PCR) application challenging various aspects of the pretrial and guilty-plea proceedings.[1] Following a hearing, the PCR court denied the application.

On appeal, Reed argues (1) his sentence should be modified to remove illegally-imposed surcharges and (2) his PCR attorney was ineffective in "failing to present evidence or develop a record at the [PCR] proceeding."

The State agrees the DARE surcharge should not have been imposed on Count III (drug-tax-stamp violation) and Count IV (possession of a firearm by a felon) because those crimes arose under statutes not enumerated in the DARE surcharge statute. *See* Iowa Code §§ 911.2(1) (2013) (authorizing imposition of

---

[1] Reed's first PCR application was dismissed.

the DARE surcharge only for offenses "provided for in chapter 321J or chapter 124"), 453B.12 (drug-tax-stamp violation), 724.26(1) (possession of a firearm as a felon). The State further agrees the LEI surcharge should not have been imposed on Count V (trafficking stolen weapons), which arises under a statute not enumerated in the LEI statute. *See id.* §§ 911.3(1), 724.16A (trafficking stolen weapons). The sentence should be corrected to remove the identified surcharges. *See* Iowa R. Crim. P. 2.24(5)(a) ("The court may correct an illegal sentence at any time.").

We turn to Reed's contention that his PCR attorney "did not present any evidence or argument as to why trial counsel [did not] challenge[] the search warrants, [seek] to sever the charges, or [move to] suppress[] evidence obtained from an unlawful traffic stop as alleged in the Petition" and "did not sufficiently develop the record with respect to whether there was a factual basis for the felon in possession of a firearm conviction." To prevail, Reed must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[T]his showing often requires a more thorough record than the one provided on direct appeal." *State v. Petty*, 925 N.W.2d 190, 196 (Iowa 2019).

At the PCR hearing, the State offered several exhibits culled from trial court binders, including search warrants executed on two homes. The State also offered the transcript of a deposition of Reed's plea attorney. These exhibits were admitted without objection.

The deposition transcript did not elucidate the issues. The plea attorney candidly stated he could not remember the facts underlying the charges. He

specifically could not speak to facts contained in the minutes of testimony that might have raised doubts about Reed's actual or constructive possession of a gun and marijuana found in a room frequented by people other than Reed. When PCR counsel asked him about the search warrants and why he failed to file a suppression motion, he acknowledged having "many conversations[] [with Reed] about filing a motion to suppress" but said he was dissuaded by the prosecutor's threats to seek "additional enhancements."

We conclude the record is inadequate to determine whether Reed's plea attorney was ineffective in failing to file a motion to suppress evidence gained through execution of the search warrants. It follows that the record is inadequate to determine whether PCR counsel was ineffective in failing to present a more thorough record on this ineffective-assistance-of-plea-counsel claim. We preserve the claim for another possible postconviction-relief application. *See Allison v. State*, 914 N.W.2d 866, 819 (Iowa 2018) ("In order to avoid the difficult constitutional position that would result in denying a remedy where defense counsel allegedly provided ineffective assistance at trial and postconviction counsel is ineffective in raising that claim, we think the best approach is to hold that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action."); *see also Goode v. State*, 920 N.W.2d 520, 526 (Iowa

2018) ("Based on *Allison*, the statutory-limitation period is not an impediment to pursuing a second PCR application relating to the claim in this case if promptly filed following the appeal.").

The PCR record contains scant if any evidence on Reed's claim that his trial attorney should have filed a motion to sever the charges. We preserve the claim for another possible postconviction-relief application.

We are left with the contention that the record lacked a factual basis for the felon-in-possession-charge; Reed's plea attorney was ineffective in failing to challenge the absence of a factual basis; and PCR counsel was ineffective in failing to develop the record on this claim. At a minimum, we need the plea transcript to address the issue. This was not one of the trial documents admitted into the PCR record. Accordingly, we preserve the issue for another possible postconviction-relief application.

We vacate Reed's sentence and remand for removal of the DARE surcharge for Counts III and IV and removal of the LEI surcharge for Count V. We affirm the PCR court's denial of Reed's postconviction-relief application and preserve his claims that PCR counsel was ineffective for another possible postconviction-relief application.

**PCR DECISION AFFIRMED; SENTENCES VACATED IN PART AND REMANDED FOR RESENTENCING.**