# IN THE SUPREME COURT OF IOWA

No. 18–0437

Filed March 22, 2019

**STATE OF IOWA,**

Appellee,

vs.

**KENNETH EDWARD PETTY,**

Appellant.

---

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

A defendant appeals his convictions and sentences for lascivious acts with a child and sexual exploitation of a minor. **JUDGMENT OF CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Katie Krickbaum, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Patrick J. Eppler, Assistant County Attorney, for appellee.

**WIGGINS, Justice.**

A defendant who pled guilty to lascivious acts with a child and sexual exploitation of a minor challenges his guilty pleas and sentences. He also claims he was denied the right to counsel. He claims the district court failed to comply with Iowa Rule of Criminal Procedure 2.8(2)(*b*) in accepting his guilty pleas, did not adequately inquire into the alleged communication breakdown in the attorney–client relationship, imposed a surcharge in violation of the Ex Post Facto Clauses of the Iowa and United States Constitutions, and erroneously ordered restitution without first determining his reasonable ability to pay.

We find that the defendant did not preserve error on his guilty pleas challenge and that the record on appeal is insufficient to conduct an ineffective-assistance-of-counsel analysis. We find the record on appeal is also insufficient to determine whether the district court adequately inquired into the alleged communication breakdown. We leave both of these claims for postconviction relief if the defendant wants to pursue them.

We next find the imposition of the surcharge violated the Ex Post Facto Clauses and the district court erroneously ordered restitution without first conducting the applicable reasonable-ability-to-pay analysis. We vacate these portions of the defendant's sentences and remand for entry of a corrected sentence with respect to the surcharge and for resentencing in light of this opinion and our opinion in *State v. Albright*, ___ N.W.2d ___ (Iowa 2019), with respect to restitution.

## I. Facts and Proceedings.

On December 29, 2016, the State charged Kenneth Petty for crimes related to his sex acts with two minors in two separate cases. First, the State charged Petty with four counts of sexual abuse in the third degree,

in violation of Iowa Code sections 709.1, 709.4, and 903B.1 (2015), and three counts of sexual exploitation of a minor, in violation of sections 728.12, 903B.1, and 903B.2. These charges arose after M.S., the minor daughter of Petty's neighbor, alleged that she had been having sex with Petty for approximately two years and that Petty had videotaped the two of them on at least one occasion. In the subsequent investigation, officers discovered a video depicting Petty engaging in a sex act with M.S. when M.S. was fifteen or sixteen years of age and Petty was in his mid-forties.

Separately, the State charged Petty with one count of sexual abuse in the second degree in violation of Iowa Code sections 709.1(3), 709.3(1)(*b*), 709.3(2), and 903B.1. These charges arose after Z.C., the daughter of Petty's romantic partner, alleged Petty fondled her breasts and put his finger in her vagina.

The district court set trial for the case involving M.S. for January 17, 2018, and trial for the case involving Z.C. for the following week. On January 4, the State amended the trial information to charge Petty with two counts of sexual abuse in the third degree, in violation of Iowa Code sections 709.1, 709.4, and 903B.1, instead of four counts as previously charged.

On January 17, following a hearing on the parties' motions in limine and while the jury venire was present and ready in the courtroom, the parties announced Petty would enter an *Alford* plea based on his acceptance of the State's plea offer. Under the terms of the plea offer, Petty would plead guilty to sexual exploitation of a minor, a class "C" felony, for the charges stemming from the case involving M.S. Then for the case involving Z.C., Petty would plead guilty to lascivious acts with a child, also a class "C" felony, in violation of Iowa Code sections 709.8(1)(*a*) and 709.8(2)(*a*). Petty would receive a ten-year indeterminate prison term on

each charge, which he would serve concurrently for a total of ten years in prison. He would also be subject to the sex offender provisions and lifetime parole provisions.

After reading through the terms of the agreement, the court asked Petty how he pled to the amended charge of lascivious acts in the case involving Z.C. Petty pled guilty. The court asked, "And you understand that's a Class C felony carrying up to ten years in prison and/or a $10,000 fine? You understand that's the maximum penalty?" Petty confirmed, and he then pled guilty to sexual exploitation for the case involving M.S. The court set sentencing for March 12.

On January 18, Petty's counsel filed a motion to withdraw, stating he could no longer effectively represent Petty because he could no longer communicate with Petty or agree with Petty on how to handle the cases. Defense counsel reported that Petty had texted him expressing his displeasure over the plea bargain and accusing defense counsel of having a conflict of interest. The court scheduled the hearing on the motion to withdraw for March 12, the same day of Petty's sentencing.

On January 30, defense counsel filed a motion in arrest of judgment on Petty's behalf. The motion stated that Petty's guilty pleas were insufficient because Petty was not adequately advised of his constitutional rights, Petty did not fully understand his constitutional rights, the court did not establish a factual basis for the pleas, Petty did not adequately understand the penal consequences of his pleas, and "for whatever other reasons set out in [Petty's] Affidavit which is attached hereto." In the attached affidavit, Petty stated he was fully prepared for trial, was not aware of any plea bargains before the day of trial, had insufficient time to consider the offer, and believed the agreement was unfair.

On March 12, the court held a hearing on the motion in arrest of judgment, the motion to withdraw, and sentencing. Petty testified regarding his reasons for the motion in arrest of judgment. Petty testified that he did not understand the charges he pled guilty to before pleading guilty; that defense counsel did not represent him, wanted him to plead guilty for something he did not do, and pressured him into pleading guilty; and that his pleas were not voluntary. The court overruled Petty's motion, finding Petty's pleas were voluntarily and intelligently made. The court never reached counsel's motion to withdraw, but counsel represented Petty throughout the hearing.

The court then sentenced Petty in accordance with the plea agreement to two concurrent, ten-year indeterminate terms of imprisonment. As part of the sentence, Petty was ordered to register with the sex offender registry for life. The court ordered Petty to pay a civil penalty of $250, in accordance with Iowa Code section 692A.110, and said, "All court costs, including court-appointed attorney fees are taxed to the Defendant." The court also ordered that "[t]he fines, costs, surcharges, attorney fees and expenses, and restitution assessed against the Defendant are due immediately." The court did not conduct a reasonable-ability-to-pay analysis before ordering immediate payment of court costs and attorney fees.

On March 13, Petty filed a notice of appeal. On March 14, the clerk of court filed the total amount of fees Petty owed as $1911.75 for the case involving Z.C. and $526 for the case involving M.S.

## II. Issues.

On appeal, Petty claims the district court erred in four respects: first, in denying his motion in arrest of judgment; second, in denying him the right to counsel; third, in imposing the sexual abuse victim surcharge

under Iowa Code section 911.2B; and fourth, in failing to determine his reasonable ability to pay restitution before imposing restitution.

### III.  Standards of Review.

We review challenges to denials of motions in arrest of judgment for an abuse of discretion.  *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008). We will only find an abuse of discretion if the trial court exercised its discretion on clearly untenable or unreasonable grounds.  *Id.*  A ruling is untenable when the court bases it on an erroneous application of the law. *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000) (en banc).

We review a claim that the district court failed to adequately inquire into an alleged breakdown of the attorney–client relationship de novo. *State v. Wells*, 738 N.W.2d 214, 218 (Iowa 2007).  We grant de novo review because the right to counsel is a constitutional claim.  *State v. Tejeda*, 677 N.W.2d 744, 749 (Iowa 2004).

We normally review claims of an illegal sentence for correction of errors at law.  *State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014).  A constitutional challenge to an illegal sentence, however, is reviewed de novo.  *State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014).

We review a restitution order for correction of errors at law.  *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004).  We review the restitution order to determine whether the court's findings lack substantial evidentiary support or whether the court misapplied the law.  *Id.*

### IV.  Denial of the Motion in Arrest of Judgment.

Petty first argues the district court erred when it denied his motion in arrest of judgment because he was not fully informed of the consequences of his guilty pleas.  The State counters that Petty failed to preserve error and Petty cannot prove his claim under an ineffective-assistance-of-counsel framework.

We agree with the State that Petty failed to preserve error on his challenge to his guilty pleas proceeding. Although Petty challenged the pleas proceeding in a motion in arrest of judgment as required by Iowa Rule of Criminal Procedure 2.24(3)(*a*), the grounds for the challenge in the motion and argued at the motion hearing are different from the ground raised on appeal. For error to be preserved, the underlying legal basis for the challenge on appeal must have been raised and resolved in the district court. *See, e.g., Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *Vine St. Corp. v. City of Council Bluffs*, 220 N.W.2d 860, 862 (Iowa 1974) ("A specific objection is effective to preserve error on the grounds specified and none other."); *cf., e.g., Grefe & Sidney v. Watters*, 525 N.W.2d 821, 824 (Iowa 1994) (finding appellate challenge to the first and second sentence of a jury instruction was not preserved where objection at trial related to only the second sentence).

On appeal, Petty asserts the district court failed to comply with Iowa Rule of Criminal Procedure 2.8(2)(*b*) in accepting his pleas because the court did not adequately advise him of the penal consequences of his pleas. Specifically, he claims the court failed to advise him of the $1000 minimum fine on the lascivious-acts-with-a-child offense, the $50,000 maximum fine and $1000 minimum fine for the sexual-exploitation-of-a-minor offense, the 35% criminal penalty surcharge under section 911.1, and the mandatory lifetime special sentence under section 903B.1.

However, in the relevant part of his motion in arrest of judgment, Petty merely made a general assertion that *he* did not adequately *understand* the penal consequences of the pleas. He provided no further explanation or argument on this point either by filing an accompanying

brief in support of the motion or at the motion hearing.[1] Rather, at the hearing, the substance of Petty's argument focused on another basis raised in the motion: his claim that he was not given enough time to consider the plea offer.

Because the specific basis for the challenge on appeal—i.e., that the court failed to adequately advise Petty of the pleas' penal consequences—was not raised in the district court, error was not preserved. Petty, thus, asks us to consider his challenge under an ineffective-assistance-of-counsel rubric.

To succeed on an ineffective-assistance challenge to a guilty plea, the defendant must demonstrate, among other things, "a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). However, this showing often requires a more thorough record than the one provided on direct appeal. *Id.* In that type of situation, we preserve the issue for postconviction relief. *See id.*

There is nothing in the record indicating whether Petty's counsel advised him of the penal consequences concerning his pleas or that Petty would have insisted on going to trial if he had known of the penal consequences. Accordingly, it is appropriate to preserve this claim for postconviction relief. *See id.*

## V. Denial of the Right to Counsel.

Petty next argues the district court denied him the right to counsel under both the Iowa and Federal Constitutions by failing to sufficiently

---

[1]For example, our analysis on this error preservation issue might be different had Petty explained that he did not adequately understand the penal consequences of the pleas because the court did not adequately advise him of the consequences.

inquire into the breakdown in the attorney–client relationship. The State argues the district court's inquiry was sufficient.

The Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution provide that the accused shall have the right to have counsel in all criminal prosecutions. While this does guarantee competent counsel, this does not guarantee a "meaningful relationship" between the accused and counsel. *State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001) (quoting *Morris v. Slappy*, 461 U.S. 1, 14, 103 S. Ct. 1610, 1617 (1983)).

Judges have a duty of inquiry upon receipt of a request for substitute counsel on account of an alleged breakdown in communication. *Tejeda*, 677 N.W.2d at 750. Sufficient cause must be shown to justify a replacement of court-appointed counsel. *Lopez*, 633 N.W.2d at 778–79. "A complete breakdown in communication between an attorney and a defendant is sufficient cause justifying the appointment of substitute counsel." *Wells*, 738 N.W.2d at 219.

In the instant case, the record is insufficient for us to determine whether there was a communication breakdown. At the hearing on defense counsel's motion to withdraw, the court asked defense counsel about his motion. Defense counsel confirmed he had filed a motion, saying, "I filed a motion to withdraw. The Court ordered I appear today. By implication I interpreted that to mean the Court wanted me to file the post-trial motions or motion on behalf of Mr. Petty?" The court responded, "That's correct." The court never personally addressed the defendant regarding the alleged communication breakdown. *See id.*; *Tejeda*, 677 N.W.2d at 751; *cf. Lopez*, 633 N.W.2d at 781 (noting court personally addressed the defendant regarding the alleged communication breakdown). Under the circumstances, we find the record is insufficient

to determine whether there was a breakdown in communication and preserve the error for postconviction relief. *See Tejeda*, 677 N.W.2d at 752–53 (preserving similar claim for postconviction relief where trial court did not inquire into the issue and thus no record was made).

### VI. Imposition of the Section 911.2B Surcharge.

Petty also claims the imposition of the section 911.2B surcharge for the lascivious-acts offense was in violation of the Ex Post Facto Clauses of the Federal and State Constitutions, *see* U.S. Const. art. I, § 10, cl. 1; Iowa Const. art. I, § 21, and therefore his sentence is illegal. *See State v. Lopez*, 907 N.W.2d 112, 122 (Iowa 2018). We agree.

> A criminal law constitutes an ex post facto law if two elements are present. "First, the law 'must be retrospective, that is, it must apply to events occurring before its enactment.'" Second, the law must either "alter[ ] the definition of criminal conduct or increase[ ] the penalty by which a crime is punishable."

*Id.* at 122–23 (alterations in original) (quoting *State v. Lathrop*, 781 N.W.2d 288, 295 (Iowa 2010)).

Here, the imposition of the section 911.2B surcharge satisfies both elements. First, section 911.2B became effective on July 1, 2015, 2015 Iowa Acts ch. 96, §§ 15, 17, but Petty's unlawful conduct occurred on June 1, 2015. Therefore, section 911.2B was applied retrospectively in this case. And second, as we noted in *Lopez* last term, "As a surcharge is a form of punishment, the imposition of the newly enacted one for [a violation of chapter 709] increased the penalty for that offense." 907 N.W.2d at 123.

Generally, when a distinct portion of a defendant's sentence violates the Ex Post Facto Clauses, we vacate only that distinct portion and remand for entry of a corrected sentence. *E.g.*, *id.* at 123–24 (vacating discrete portion of sentence imposing the surcharge and remanding for entry of a

corrected sentence). *But cf. State v. Smith*, 291 N.W.2d 25, 29 (Iowa 1980) (finding the imposition of consecutive sentences under section 901.8 was an ex post facto violation, vacating entire sentence, and remanding for resentencing). Accordingly, we vacate the portion of the sentence imposing the section 911.2B surcharge and remand for entry of a corrected sentence.

### VII. Failure to Determine Reasonable Ability to Pay.

Lastly, Petty argues the district court erred in ordering him to pay restitution in the form of court costs and attorney fees, "due immediately," without first determining his reasonable ability to pay those items.

In *Albright*, ___ N.W.2d at ___, we clarified that certain items of restitution are subject to a reasonable-ability-to-pay determination. *See also* Iowa Code § 910.2(1). We also clarified that a plan of restitution is not complete until the sentencing court issues the final restitution order. *Albright*, ___ N.W.2d at ___. Finally, we emphasized that a final restitution order must take into account the offender's reasonable ability to pay certain items of restitution. *Id.*

Here, the court failed to follow our statutory procedures as outlined in *Albright*. Accordingly, we must vacate that part of the sentencing order regarding restitution and remand the case back to the district court to impose restitution consistent with our decision in *Albright*.

### VIII. Disposition.

Because the record currently before us is insufficient for us to address Petty's challenge to the guilty pleas proceeding and right-to-counsel claim, we preserve both of those issues for postconviction relief. We affirm Petty's convictions. We vacate that part of Petty's sentence regarding the section 911.2B surcharge and restitution. We remand the

case back to the district court for entry of a corrected sentence and resentencing consistent with this opinion.

**JUDGMENT OF CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

All justices concur except Christensen and McDonald, JJ., who take no part.