**IN THE COURT OF APPEALS OF IOWA**

No. 18-1634
Filed May 15, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAMARCUS B. NORTHERN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Linn County, Nancy A. Baumgartner,

Judge.


        Following a guilty plea, Damarcus Northern appeals his sentence.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**


        Mark C. Smith, State Appellate Defender, (until withdrawal) and Stephan J.

Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant

Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

Damarcus Northern pled guilty to second-degree burglary, in violation of Iowa Code sections 713.1 and 713.5 (2017), and conspiracy to commit a felony (first-degree theft), in violation of sections 706.1(a) and 706.3(2). The district court imposed a prison term and ordered victim restitution in an amount to be determined at a later date.

The court next addressed attorney fees and court costs. The court found Northern had "no ability to pay [attorney fees] as he will be incarcerated for a lengthy period of time." Accordingly, the court ordered "$-0-" in reimbursement for those fees. At the same time, the court ordered Northern "to make restitution for court costs."

On appeal, Northern argues the district court erroneously ordered him "to pay court costs while finding he had no ability to [pay] fines or pay attorney fees based upon his imminent incarceration."

The supreme court recently addressed the proper procedure for ordering restitution and for considering a defendant's reasonable ability to pay restitution. *See State v. Albright*, 925 N.W.2d 144, 158–61 (Iowa 2019). The court explained that the restitution statute "creates two categories of restitution." *Albright*, 925 N.W.2d at 159. The first category, covering victim restitution and restitution to the clerk of court for fines, penalties, and surcharges, must be ordered "regardless of the offender's reasonable ability to pay." *Id.* The second category, covering court-appointed attorney fees and court costs, can be ordered only "to the extent the offender has the reasonable ability to pay." *Id.*; *see also State v. Petty*, 925 N.W.2d 190, 197 (Iowa 2019) (citing *Albright* and Iowa Code section 910.2(1)) (regarding

court costs and attorney fees); *State v. Headley*, ___ N.W.2d ___, ___, 2019 WL 1574685, at *6 (Iowa 2019) (regarding court costs and correctional fees).

The court next summarized the procedure for obtaining the amounts of each restitution item and the components of a plan of restitution. *Albright*, 925 N.W.2d at 160. "In an ideal world," the court stated, "all amounts of restitution would be before the court at the time of sentencing." *Id.* Recognizing reality might diverge from the ideal, the court approved the filing of "temporary, supplemental, and permanent orders prior to the final plan of restitution." *Id.* However, the court reiterated that "a plan of restitution is not complete until the court issues the final restitution order." *Id.* The court stated, "Until the court issues the final restitution order, the court is not required to consider the offender's reasonable ability to pay." *Id.* at 160–61. The court held, "Once the court has all the items of restitution before it, then and only then shall the court make an assessment as to the offender's reasonable ability to pay." *Id.* at 162. The court vacated the portion of the sentencing order that found the defendant "had the reasonable ability to pay and ordered restitution for items in the second category of restitution without having the amount of each item of restitution before it." *Id.*

Applying *Albright*, we vacate the sentencing court's assessment of court costs against Northern pending the completion of a final restitution order and a subsequent determination of Northern's reasonable ability to pay.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**