# IN THE COURT OF APPEALS OF IOWA

No. 17-1994
Filed February 5, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LANG DONALD LEONARD,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

The defendant appeals his sentence imposing court costs and other restitution without a determination of his reasonable ability to pay. **SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Andrew J. Boettger of Hastings, Gartin & Boettger, LLP, Ames, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Lang Leonard appeals the restitution ordered as part of his sentence in three consolidated criminal proceedings. He argues the district court erred in ordering him to pay court costs, correctional fees, and "the costs of investigation and other matters that were paid at public expense" without knowing the extent of those costs and without determining his reasonable ability to pay. Leonard's argument is correct under *State v. Albright*, 925 N.W.2d 144 (Iowa 2019). Thus we vacate the restitution portion of his sentence and remand for resentencing consistent with *Albright*.

In 2017, Leonard pleaded guilty to several crimes, including second-degree burglary, illegal possession of a firearm, displaying a dangerous weapon, prohibited acts, and possession of methamphetamine. In a consolidated sentencing order, the district court imposed prison terms, fines, surcharges, and victim restitution. The court also ordered Leonard to pay other restitution[1] without having the total amounts available and not having assessed his reasonable ability to pay. Leonard appeals.[2]

---

[1] Iowa Code section 910.2 (2017) creates two restitution categories. Sentencing courts must order offenders to pay amounts in the first category—comprised of victim restitution, as well as statutory fines, penalties, and surcharges—regardless of their reasonable ability to pay. *State v. Gross*, 935 N.W.2d 695, 701 (Iowa 2019). But courts may only order offenders to reimburse amounts in the second category—consisting of crime victim assistance fund outlays, restitution to public agencies, court-appointed attorney fees, and court costs including correctional fees—to the extent the offender is reasonably able to pay. *Id.*

[2] Shortly after appointment in fall 2018, appellate counsel filed a motion to withdraw alleging the appeal was frivolous under Iowa Rule of Appellate Procedure 6.1005. The supreme court denied that motion in January 2019. The supreme court transferred the case to our court in October 2019.

In his appellant's brief, Leonard contends neither the sentencing transcript nor the sentencing order show the district court "engaged in the prerequisite inquiry relative to determining [his] reasonable ability to pay."[3]   Without that inquiry, Leonard suggests the restitution order was an illegal sentence that may be corrected at any time, citing Iowa Rule of Criminal Procedure 2.24(5)(a).  But in *Gross*, our supreme court rejected the notion that an award of restitution made without a reasonable-ability-to-pay hearing was an illegal sentence.  935 N.W.2d at 698.  Instead, *Gross* clarified that "whether the sentencing court determined the defendant's reasonable ability to pay before imposing restitution" is an issue that may be raised for the first time on appeal even though it was not raised in the district court.  *Id.*

We review Leonard's contention for the correction of errors at law.  *See Albright*, 925 N.W.2d at 158.

Still, the State argues Leonard's ability-to-pay challenge is not properly before us.  According to its appellee's brief, "Because the district court ordered Leonard to pay the restitution costs but did not set up a plan of payment or issue a final restitution order, the matter is not complete and therefore Leonard's ability to pay challenge is not directly appealable."

It is true that *Albright* stated:

Restitution orders entered by the court prior to the final order are not appealable as final orders or enforceable against the offender.  The

---

[3] Leonard's brief also cites the requirement that a court state reasons for selecting a particular sentence under Iowa Rule of Criminal Procedure 2.23(3)(d).  He has not sufficiently developed that argument to merit our consideration.  *See State v. Louwrens*, 792 N.W.2d 649, 650 (Iowa 2010) (noting passing reference to an issue is insufficient to raise it for appeal).  And besides, the court provided ample reasons for selecting the particular terms of incarceration.

reason for these orders being nonappealable or enforceable is that the final order of restitution must take into account the offender's reasonable ability to pay. Iowa Code § 910.3.

925 N.W.2d at 161.

But what actually happened in *Albright* is the supreme court "vacate[d] the restitution part of the sentencing order" and remanded for the district court to set restitution in a manner consistent with that opinion. *Id.* at 162. The *Albright* court decided, at least implicitly, that the question of the district court's compliance with the reasonable-ability-to-pay provision in section 910.2 was properly before it. *Id.* After *Albright*, the supreme court has repeatedly considered restitution orders that would not be final under the State's reasoning. *See State v. Headley*, 926 N.W.2d 545, 553 (Iowa 2019) (finding district court erred in ordering Headley to pay restitution in the form of court costs and correctional fees without first determining his reasonable ability to pay those items); *State v. Petty*, 925 N.W.2d 190, 197 (Iowa 2019) (vacating order where district court directed Petty to pay restitution in the form of court costs and attorney fees, "due immediately," without first determining his reasonable ability to pay those items); *State v. Covel*, 925 N.W.2d 183, 189 (Iowa 2019) (reversing where district court did not have the total amount of restitution owed when entering its order finding Covel reasonably able to pay). We follow that same path here.

As discussed, the district court can only order restitution for court costs, including correctional fees and court-appointed attorney fees, to the extent the offender is reasonably able to pay. *See* Iowa Code § 910.2. At the time of sentencing, the district court did not have the amounts for any of those items before it. The court made no reasonable-ability-to-pay determination.

Because this sentencing predated the decision in *Albright*, the district court did not have guidance available on filing temporary, supplemental, and permanent orders. *See* 925 N.W.2d at 160–62. So the court did not clarify that the restitution order was temporary. "[N]o award of reasonable-ability-to-pay items such as jail fees may occur until all such items are before the court and the court has then made a reasonable-ability-to-pay determination." *Gross*, 935 N.W.2d at 702 (citing *Albright*, 925 N.W.2d at 162). Here, the amounts of court costs, correctional fees, investigation costs, and "other matters" were not before the court at the time of sentencing. So, we vacate the restitution portion of the sentencing order and remand to the district court to determine restitution consistent with *Albright*.

The State points out the sheriff submitted a claim for jail fees, in the amount of $2520, after sentencing. The claim form stated it was "[p]ursuant to Iowa Code, Section 910, and/or 356." Iowa Code section 356.7 allows the sheriff to elect whether to enforce the claim as restitution under chapter 910 or as a civil money judgment under chapter 626. When the sheriff does *not* include a request to include jail fees within restitution, the district court is not required to consider the defendant's reasonable ability to pay in assessing those costs. *Gross*, 935 N.W.2d at 702–03. On remand, the district court should clarify the nature of the sheriff's claim.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**