# IN THE COURT OF APPEALS OF IOWA

No. 19-0839
Filed June 3, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SULLIVAN PIERRE SMITH-BERRY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller, Judge.

The defendant appeals his convictions and sentences. **CONVICTIONS REVERSED IN PART, SENTENCES VACATED, AND REMANDED WITH INSTRUCTIONS.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Schumacher, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**BOWER, Chief Judge.**

Sullivan Pierre Smith-Berry appeals his convictions for sexual assault and three counts of robbery in the first degree, asserting his conduct constituted only one act of robbery—not three—and his trial counsel was ineffective by failing to challenge the sufficiency of the evidence on two additional counts of robbery. Smith-Berry also argues the district court lacked statutory authority to require him to complete a sex-offender assessment and treatment after imposing a sentence of incarceration for his sexual-assault conviction, and he asks to be resentenced on his robbery convictions pursuant to the recently enacted Iowa Code section 902.12(3) and 901.11(3) (2019). We reverse two robbery convictions, vacate the sentences, and remand for resentencing.

**I. Background Facts and Proceedings.**

Viewing the evidence in the light most favorable to the State, a jury could find the following. On the evening of November 3, 2017, Smith-Berry and Earl Riley kicked in the door of an apartment where Reed and Jacob lived.[1] Jacob's sister, Alexandrea, was visiting at the time of the break in. Smith-Berry was carrying an assault-style rifle when he entered Reed's bedroom, where Reed and Jacob were standing; they had pushed Alexandrea into the closet. Smith-Berry found Alexandrea and pulled her from the closet and ordered all three to the floor.

---

[1] We will use only the first names of the victims. A third person lived in the apartment with Reed and Jacob but was not home at the time of the break in. The third person resided in the second bedroom and Jacob slept in the living room.

Someone had broken into the apartment two days earlier and taken computers, video games and an Xbox.

Alexandrea implored Smith-Berry not to hurt her little brother and his friend, stating she would do anything.

The intruders asked where "Tre"[2] was and demanded money, drugs, and all personal items. While Smith-Berry trained the rifle on the three, Riley ransacked the apartment looking "to find stuff." Riley searched Reed's closet and demanded Reed open the safe that was there. He checked underneath the bed, the desk drawer, and the television stand. Riley also searched the other rooms in the apartment—the second bedroom, the bathroom, the living room, and the kitchen. Jacob and Reed were repeatedly hit with the butt of the rifle. Jacob was ordered out of the bedroom and onto the living room floor. Smith-Berry then dragged Alexandrea into the second bedroom and forced her to perform oral sex and then submit to vaginal sex while Riley paced between the rooms holding the rifle. After ejaculating on her back, Smith-Berry took Alexandrea's T-shirt she was wearing and used it to wipe her back and himself. The intruders then left.

At the trial, Jacob said Smith-Berry entered the room with the gun at his shoulder, pointing at them.[3] Jacob also testified Smith-Berry pulled out the clip, showed them the clip with the bullets, and stated, "We're not fucking around." Reed and Alexandrea also testified about the long gun being pointed at them and feeling threatened. Alexandrea testified she thought she was going to die.

---

[2] Tre had lived in the apartment in the past.

[3] Jacob described the weapon that was used by the intruders, testifying he hunted as he was growing up, he was around guns, and had seen assault-style weapons before. His cousin had an AR-15. Jacob described the sight and the clip, the color, the plastic grip on the barrel, and stated the weapon used by Smith-Berry looked like his cousin's AR-15.

Reed testified the intruders took his PlayStation and games, as well as about $800 that he had in his safe. Jacob observed the intruders search through his property, though he did not have much there, and noted "there was a couple of dollars out with my stuff that got taken." He also testified he believed the intruders took Alexandrea's cell phone as well as her shirt.

Smith-Berry was convicted of one count of burglary in the first degree (count 1), three counts of first-degree robbery (counts 2, 3, 4), and one count of sexual abuse in the second degree (count 5). The court sentenced him to a twenty-five year term of imprisonment with a mandatory minimum of seventy percent on each count. The sentences for the three robbery counts were to be served concurrently, but consecutive to count 5, and count 1 was to "run consecutive to all other counts."

The court required Smith-Berry to register as a sex offender and imposed a special sentence of lifetime parole pursuant to Iowa Code section 903B.1. The court also ordered Smith-Berry to "complete a sex offender assessment and shall follow through with any sex offender treatment recommended by the Department of Corrections as a result of said assessment."

On appeal, Smith-Berry challenges trial counsel's performance as deficient and the court's order to undergo sex-offender assessment and treatment. He also seeks resentencing to determine the mandatory-minimum sentence pursuant to recently enacted Iowa Code section 902.12(3) and 901.11(3).

## II. Standard of Review.

We review ineffective-assistance of counsel claims de novo. *State v. Ross*, 845 N.W.2d 692, 697 (Iowa 2014). Generally, a claim of an illegal sentence is

reviewed for correction of errors at law. *State v. Petty*, 925 N.W.2d 190, 195 (Iowa 2019).

**III. Discussion.**

*A. Ineffective-assistance-of-counsel claim.* On appeal, Smith-Berry first contends trial counsel's performance was constitutionally deficient in failing to request merger of his robbery convictions,[4] claiming there was not sufficient evidence to support three separate robbery convictions.[5]

> We analyze ineffective-assistance-of-counsel claims under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires the defendant to show a deficiency in counsel's performance. Under this prong, the presumption is the attorney competently performed his or her duties. The defendant "rebuts this presumption by showing a preponderance of the evidence demonstrates counsel failed to perform an essential duty."

---

[4] This "merger" argument is misplaced. *See State v. Copenhaver*, 844 N.W.2d 442, 447 (Iowa 2014) (noting a limit of the "merger doctrine to double jeopardy claims involving lesser-included offenses").

[5] "To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004).

Here, defense counsel did make a motion for judgment of acquittal as to two counts of first-degree robbery, stating:

> Count two, being the robbery in the first degree, and count three, both robbery counts involving [Alexandrea] and [Jacob], specifically on those two counts, Your Honor, not enough evidence to allow the two additional counts of robbery first to go to the jury.
>
> When you listen to the evidence that's been provided in this case those—as far as the robbery first charge, the witnesses did not indicate sufficient evidence to allow the jury to consider counts two and three.

Defense counsel's general motion for judgment of acquittal failed to identify any specific elements of the charges not supported by the evidence. Thus, Smith-Berry raises the challenge as a claim of ineffective assistance of counsel. *See id.* at 615–16 (stating failure to preserve error at trial can support an ineffective assistance of counsel claim). Because this appeal was pending prior to July 1, 2019, we may consider the ineffective-assistance-of-counsel claim on direct appeal if the record is adequate. *See State v. Macke*, 933 N.W.2d 226, 231 (Iowa 2019).

Counsel breaches an essential duty when counsel makes such serious errors that counsel is not functioning as the advocate the Sixth Amendment guarantees. "[W]e require more than a showing that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently." Trial counsel has no duty to raise an issue that lacks merit.

The second prong requires the defendant to show "the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." The defendant must prove by a reasonable probability the result of the proceeding would have differed but for counsel's errors.

*Ross*, 845 N.W.2d at 697–98 (citations omitted).

"We review a sufficiency-of-evidence claim for correction of errors at law." *Copenhaver*, 844 N.W.2d at 449. We consider all the evidence presented at trial and view the evidence in the light most favorable to the State. *Id.* "The verdict is supported by substantial evidence when the evidence could convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* If there is substantial evidence to support three robbery convictions, trial counsel was not required to challenge the sufficiency of the evidence. *See Ross*, 845 N.W.2d at 698 ("Trial counsel has no duty to raise an issue that lacks merit.").

Our supreme court discussed the unit of prosecution for robbery in *Copenhaver*, 844 N.W.2d at 449, stating,

[T]he unit of prosecution for robbery requires the defendant to have the intent to commit a theft, coupled with any of the following— commits an assault upon another, threatens another with or purposely puts another in fear of immediate serious injury, or threatens to commit immediately any forcible felony.

Smith-Berry acknowledges the evidence presented established three separate assaults or threats. He argues, however, the evidence supports only a finding that he intended to commit a single theft, claiming the intruders "ended up taking . . .

items solely belonging to Reed." The focus is not particularly helpful, as the question is whether Smith-Berry had an intent to commit more than one theft. *See id.* ("If the defendant intends to commit only one theft, there can be only one robbery no matter how many assaults occur while the defendant intends to commit the theft.").

The court set out "the factors we consider to determine if substantial evidence supports defendant's conduct as separate and distinct acts or one continuous act":

> These factors are (1) the time interval occurring between the successive actions of the defendant, (2) the place of the actions, (3) the identity of the victims, (4) the existence of an intervening act, (5) the similarity of defendant's actions, and (6) defendant's intent at the time of his actions.

*Id.* at 449–50 (citation omitted). In *Copenhaver*, the court applied the factors to the facts of the case:

> Copenhaver approached each teller individually, leaving an interval of time between each act. He did not stay in one place, but approached each teller at her window. Finally, we note the intervening act of the second teller, Ries, coming to her window after the first teller, Kasmiskie, gave Copenhaver money from her cash drawer.

*Id.* at 450. The court found substantial evidence to conclude "Copenhaver had the intent to commit two separate and distinct thefts." *Id.*

Neither party here explores these factors. But, we believe the State's recitation of the facts weighs against a finding of an intent to commit three separate and distinct thefts. The State's brief describes the robbery:

> Smith-Berry and Earl Riley demanded "stuff." The jury heard that as one of the robbers pointed an assault rifle at the three victims, the other "was basically searching through everything and trying to find stuff." They rummaged indiscriminately; not only did they limit their

search to [Reed's] bedroom, but they also searched the living room—where Jacob had his property—as well as the other rooms, including the bathroom, and the kitchen. And when they found something of value, such as the $15 or $20 that was sitting on the kitchen table, they took it.

While we agree with the State that there was clear evidence the intruders "were going to steal anything of value from anyone in the apartment," the above description does not show a time interval occurring between successive actions, a distinction of place, or the existence of an intervening act of the defendant. There were three persons in the apartment, but the demand for money, drugs, and "all personal property" does not appear to have been made to each individual. There is substantial evidence to support a conviction on one count of robbery. However, we conclude there is insufficient evidence from which the jury could find an intent to commit three separate and distinct thefts. Consequently, trial counsel's failure to preserve error prejudiced Smith-Berry. We reverse and remand for entry of a judgment of guilty on one count of robbery and resentencing.

*B. Imposing sex-offender assessment as condition of sentence.* Smith-Berry argues that the district court lacked authority to require him to undergo a sex-offender assessment and treatment as part of his prison sentence. The State concedes the district court lacked statutory authority to order him to complete a sex-offender assessment and treatment while incarcerated. That authority is vested in the director of the department of corrections. *See* Iowa Code § 903A.2. We vacate that portion of the sentencing order.

*C. Resentencing.* Smith-Berry and the State observe that resentencing is required due to the recently enacted Iowa Code sections 901.11(3) and 902.12(3). Effective July 1, 2019, the legislature amended the sentencing statute for robbery

in the first degree and directed that a defendant convicted "on or after July 1, 2018, shall be denied parole or work release until the person has served between one-half and seven-tenths of the maximum term of the person's sentence." *See* Iowa Code § 902.12(3). The newly-enacted statute also provided that at the time of sentencing, the district court shall make the determination of how long the defendant must serve based on certain criteria. *See id.* § 901.11(3). Because the newly enacted section 902.12(3) relates back to convictions that occurred on or after July 1, 2018, Smith-Berry qualifies for resentencing on his robbery conviction to allow the district court to consider the mandatory-minimum term to be imposed.

We reverse two convictions of robbery in the first degree and remand for resentencing with instructions for the district court to delete the sentence requirement that Smith-Berry to complete a sex-offender assessment and treatment and to consider the appropriate length of Smith-Berry's mandatory minimum sentence under Iowa Code section 902.12(3).

**CONVICTIONS REVERSED IN PART, SENTENCE VACATED, AND REMANDED WITH INSTRUCTIONS.**