# IN THE COURT OF APPEALS OF IOWA

No. 19-1488
Filed August 19, 2020

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JAMES ALLEN MAHLSTEDT,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Chickasaw County, Margaret L. Lingreen, Judge.

James Mahlstedt appeals his conviction after pleading guilty to possession of a controlled substance. **AFFIRMED.**

David J. Hanson of Hofmeyer & Hanson, P.C., Fayette, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**DOYLE, Presiding Judge.**

James Mahlstedt pled guilty and was convicted of possession of a controlled substance, marijuana, first offense, a serious misdemeanor. He challenges his paper plea on direct appeal. He claims his plea was not voluntary because there was no "meeting of the minds."[1] His claim is founded on the assertion that the written plea presented to the court differed from the one he signed. He asserts that when he signed the guilty plea form, a blank space was left where sentencing terms would appear. He also denies placing his initials, "JM," next to several provisions on the form.[2]

Mahlstedt's appeal is flawed in two significant ways preventing our review. First, he failed to move in arrest of judgment. "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). Mahlstedt makes no argument that the motion in arrest advisory in the guilty plea form was in any way inadequate. Mahlstedt failed to preserve his challenge to his guilty plea in failing to move in arrest of judgment.

Mahlstedt's appeal is also flawed in another way. The State argues that under Iowa Code section 814.6(1) Mahlstedt is precluded from challenging his guilty plea on direct appeal. See Iowa Code § 814.6(1)(a)(3) (2019). Under that section, a defendant has no right to appeal a conviction when the defendant has

---

[1] Mahlstedt failed to make a statement addressing how the issue was preserved for appellate review or a statement of the standard of review. See Iowa R. App. P. 6.903(2)(g)(1), (2).

[2] These assertions are not supported by any reference to the record. Iowa R. App. P. 6.904(4). The sentencing provision of the plea form presented to the court is filled in by handwriting and the letters "JM" appear next to it.

pled guilty, unless the guilty plea was for a class "A" felony, "or in a case where the defendant establishes good cause." *Id.*[3]

Mahlstedt bears the burden of establishing good cause to pursue an appeal of his conviction based on his guilty plea. *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). Our supreme court concluded the good-cause requirement of section 814.6 is ambiguous in the context of determining when a defendant who pled guilty has a legally sufficient reason to appeal. *Id.* at 104-05. The court held that "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *Id.* at 105. But the supreme court "save[d] for another day the question of what constitutes good cause to appeal to challenge a guilty plea." *Id.* We do the same because there is no record of the circumstances regarding Mahlstedt's challenge to his plea. Thus, the record is insufficient to allow us to resolve the good-cause question or Mahlstedt's claim on direct appeal. *See State v. Petty*, 925 N.W.2d 190, 196 (Iowa 2019).

**AFFIRMED.**

---

[3] The effective date of that section was July 1, 2019. *See* 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)); *see also State v. Macke*, 933 N.W.2d 226, 231 (Iowa 2019) (holding that section 814.6 applies only to cases in which judgment was entered on or after July 1, 2019). Mahlstedt's guilty plea was entered after July 1, 2019.