# IN THE COURT OF APPEALS OF IOWA

No. 20-1506
Filed August 18, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JERRMIE KERSHNER,**
Defendant-Appellant.

---

Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown, Judge.

A defendant appeals his convictions for possession of methamphetamine with intent to deliver and carrying weapons. **AFFIRMED.**

Martha Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Jerrmie Kershner appeals his convictions for possession of methamphetamine with intent to deliver and carrying weapons. We grant Kershner's application for discretionary review of his claim that the district court abused its discretion by denying his motion in arrest of judgment. However, we determine the court did not abuse its discretion in denying Kershner's motion. Furthermore, Kershner's claims of ineffective assistance of counsel cannot be raised in this direct appeal. We do not adopt the plain error doctrine. We affirm Kershner's convictions.

## I.      Background Facts & Proceedings

Kershner was charged with possession of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(b)(7) (2020), a class "B" felony; failure to affix a drug tax stamp, in violation of section 453B.3, a class "D" felony; and carrying weapons, in violation of section 724.4(3), an aggravated misdemeanor. The parties entered into a plea agreement in which Kershner agreed to plead guilty to the charges of possession of methamphetamine with intent to deliver as a class "C" felony and carrying weapons. The State agreed to dismiss the charge of failure to affix a drug tax stamp and to recommend concurrent sentences.

The district court accepted Kershner's guilty pleas. Prior to sentencing, Kershner filed a motion in arrest of judgment, seeking to withdraw his guilty pleas. The State resisted the motion. The court denied the motion in arrest of judgment. Kershner then filed a new motion in arrest of judgment and requested an

evidentiary hearing. A hearing was held on November 16, 2020. The court denied the renewed motion in arrest of judgment.

Kershner was sentenced to terms of imprisonment not to exceed ten years and two years, to be served concurrently. He now appeals.

## II. Motion in Arrest of Judgment

A defendant does not have a right to a direct appeal from a guilty plea, unless "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3). The Iowa Supreme Court has determined there is good cause to appeal "when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). An issue of competency to enter a guilty plea may also be considered a good cause. *See State v. Chindlund*, No. 20-1368, 2021 WL 2608944, at *2 (Iowa Ct. App. June 30, 2021). When a defendant has not presented a "legally sufficient reason" for a direct appeal of a guilty plea, there is no right to appeal. *State v. Allen*, No. 20-0124, 2021 WL 1399753, at *2 (Iowa Ct. App. Apr. 14, 2021). We conclude Kershner has not shown good cause for a direct appeal from his guilty plea because he is not raising an issue of sentencing or competency.

Kershner states that if we find he does not have the right to appeal, we should consider his brief as an application for discretionary review. *See* Iowa R. App. P. 6.108 (providing that when a party seeks the wrong form of review, we may proceed as though the proper form of review was filed). We may grant discretionary review of "[a]n order denying a motion in arrest of judgment on grounds other than an ineffective assistance of counsel claim." Iowa Code § 814.6(2)(f). An application for discretionary review may be granted "upon a

determination that (1) substantial justice has not been accorded the applicant, (2) the grounds set forth in [Iowa Rule of Appellate Procedure] 6.104(1)(d) for an interlocutory appeal exist, or (3) the grounds set forth in any statute allowing discretionary review exist." Iowa R. App. P. 6.106(2). We grant Kershner's application for discretionary review of this issue.

Kershner claims the district court abused its discretion in denying his motion in arrest of judgment. We review a district court's ruling on a motion in arrest of judgment for an abuse of discretion. *State v. Petty*, 925 N.W.2d 190, 194 (Iowa 2019). "We will only find an abuse of discretion if the trial court exercised its discretion on clearly untenable or unreasonable grounds." *Id.* "A ruling is untenable when the court bases it on an erroneous application of the law." *Id.*

In an affidavit, Kershner stated that he believed he would be sent to the Oakdale Classification Center immediately after he pled guilty but found out he would be required to remain in the Des Moines County Jail for a period of time. He stated that if he knew he would not be able to enter Oakdale for some time he would not have pled guilty. At the hearing on the motion in arrest of judgment, Kershner testified he was not "in the right state of mind" when he pled guilty. He stated he wished he had waited for the laboratory results of the drugs. At the time of the hearing, however, he had laboratory results showing that he had possession of methamphetamine.

The district court ruled, "There does not appear to be any defect in the written plea itself which would justify setting aside the guilty plea." The court also stated, "The fact that he's now disappointed that Oakdale might delay taking him

or that he wouldn't have been immediately sentenced are not sufficient grounds to set aside a guilty plea and the Motion in Arrest of Judgment will be denied."

We find the district court did not abuse its discretion in denying Kershner's motion in arrest of judgment. Kershner did not allege a defect in the plea proceeding. Instead, he expressed regret about "where he would be housed and how he would be processed after the plea or sentencing." We affirm the district court's decision denying Kershner's motion in arrest of judgment.

### III. Ineffective Assistance

Kershner claims he received ineffective assistance because defense counsel did not file a motion to withdraw his guilty plea under Iowa Rule of Criminal Procedure 2.8(2). He also claims that he was misled about the criminal penalties he would face if he proceeded to trial rather than accepting the plea agreement.

The State contends that section 814.7 prohibited Kershner from making a claim of ineffective assistance of counsel on direct appeal. Section 814.7 provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

Kershner claims section 814.7 violates his due process rights, his equal protection rights, and interferes with his right to the effective assistance of counsel. He asserts the statute improperly restricts the jurisdiction of appellate courts.

These issues were recently addressed by the Iowa Supreme Court in *State v. Treptow*, where the court denied the defendant's equal protection challenges to section 814.7. 960 N.W.2d 98, 106–07 (Iowa 2021). The court also found, "The

right to the effective assistance of appellate counsel where direct appeal is available does not create an entitlement to direct appeal as a matter of right and a further entitlement to present any and all claims on direct appeal as a matter of right." *Id.* at 107. In addition, "There is no due process right to present claims of ineffective assistance of counsel on direct appeal." *Id.* at 108.

We conclude that based on section 814.7, Kershner cannot raise his claims of ineffective assistance of counsel in this direct appeal. Such claims must be raised in postconviction relief proceedings. *See* Iowa Code § 814.7; *State v. Watson*, No. 20-1333, 2021 WL 2452049, at *3 (Iowa Ct. App. June 16, 2021).

Alternatively, Kershner asks the court to adopt a plain error rule. The Iowa Supreme Court has declined to adopt a plain error rule. *See State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016) ("[W]e have repeatedly declined 'to abandon our preservation of error rules in favor of a discretionary plain error rule.'" (citation omitted)). The Iowa Court of Appeals is not "at liberty to overturn Iowa Supreme Court precedent." *Nationwide Agribusiness Ins. Co. v. PGI Int'l*, 882 N.W.2d 512, 518 n.4 (Iowa Ct. App. 2016). We conclude the plain error rule should not be applied.

We affirm Kershner's convictions.

**AFFIRMED.**