# IN THE COURT OF APPEALS OF IOWA

No. 20-1666
Filed January 12, 2022


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM EMMETTE STARK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.


        A defendant appeals the denial of his motion in arrest of judgment regarding his guilty plea, asserting it lacked a factual basis. He additionally argues his counsel was ineffective. **AFFIRMED.**


        Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


        Considered by Schumacher, P.J., Ahlers, J., and Doyle, S.J.*

        *Senior Judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCHUMACHER, Judge.**

William Stark appeals the denial of his motion in arrest of judgment regarding his guilty plea, asserting it lacked a factual basis. He also claims his counsel was ineffective in relation to his guilty pleas. We grant discretionary review of the denial of Stark's motion in arrest of judgment but find no abuse of discretion in the denial. As to Stark's ineffective-assistance-of-counsel claim, because Iowa Code section 814.7 (2020) prohibits a direct appeal for a claim of ineffective assistance of counsel, we are unable to address this issue. Thus, we affirm.

## I. Background Facts & Proceedings

Sharon Robb owned a 1985 Goldwing motorcycle and kept it at her home. William Stark and Trudie Holbert, Robb's daughter, were residing at Robb's home. Robb later became the subject of a guardianship and a conservatorship, and Stark and Trudie were enjoined from residing at Robb's property and from the use or control of Robb's property. Both Stark and Trudie were served with notice of the enjoinment on March 4, 2020.[1] Despite the receipt of notice, Stark entered Robb's garage through a back window on May 28, 2020, and took the motorcycle.

Stark was charged with burglary in the third degree, a class D felony, and theft in the second degree, a class D felony. Stark pled guilty to both charges on September 1, 2020, agreeing to serve a prison sentence as part of the plea agreement. Subsequently, on October 7, 2020, Stark filed a letter setting forth an alternate version of events. He claimed he only took the motorcycle because Robb's will devised her property to Trudie. As such, he believed the motorcycle

---

[1] We have not been provided a copy of the probate file as part of the instant appeal.

belonged to Trudie. He also claimed he had no knowledge of the guardianship and conservatorship.

Stark filed a motion in arrest of judgment on October 16, 2020, arguing he did not understand the consequences of his plea and that he did not enter into the plea knowingly, voluntarily, and intelligently. He further alleged his plea lacked a factual basis for the reasons he set out in his letter. He also filed a motion for new counsel. The court denied both motions. Stark was sentenced on November 16, 2020.[2] He appeals the district court's orders regarding the denial of his motion in arrest of judgment and also alleges his counsel was ineffective.

## II.      Standard of Review

The court reviews denials of motions in arrest of judgment for an abuse of discretion. *State v. Petty*, 925 N.W.2d 190, 194 (Iowa 2019). A court abuses its discretion when it exercises its discretion "on clearly untenable or unreasonable grounds." *Id.*

## III.      Discussion

On appeal, Stark's arguments are limited to an alleged lack of a factual basis for his guilty plea and a claim that his trial counsel was ineffective for failing to investigate the ownership of the motorcycle and challenging the factual basis of the plea.

---

[2] The court rejected the plea agreement that required a prison term and instead placed Stark on probation and ordered Stark's placement at a residential treatment facility.

### A.      Good Cause for Direct Appeal

Stark claims his guilty plea lacked a factual basis because he believed Trudie owned the motorcycle, therefore depriving him of the requisite intent for theft.  Stark's appellate briefing lacks any mention of good cause for a direct appeal of his guilty plea under Iowa Code section 814.6(1)(a)(3) or any argument as to whether we should consider Stark's claim under discretionary review.

As to the direct appeal of his guilty plea, our supreme court has held that a defendant whose sentence is imposed after July 1, 2019, "bears the burden of establishing good cause to pursue an appeal of [their] conviction based on a guilty plea."  *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020); *accord State v. Macke*, 933 N.W.2d 226, 231 (Iowa 2019) (finding section 814.6 does not apply to appeals from a judgment and sentence entered prior to July 1, 2019).  As the State highlights, Stark does not attempt to address good cause.

However, a defendant may seek discretionary review of an order denying a motion in arrest of judgment.  *See* Iowa Code § 814.6(2)(f) (effective July 1, 2019).  While, Stark has not done so, we may treat his notice of appeal as an application for discretionary review.  *See* Iowa R. App. P. 6.108.  We elect to grant discretionary review of the denial of Stark's motion in arrest of judgment and address the merits of his claim.

### B.  Stark's Guilty Plea

We turn first to Stark's claim that there was not a factual basis for his plea.  The guilty-plea record provided to this court belies Stark's claim.  The district court engaged in a proper colloquy and set forth the elements of the offenses the State was required to prove.  *See Rhoades v. State*, 848 N.W.2d 22, 30 (Iowa 2014)

("Although we do not require a detailed factual basis, we do require the defendant to acknowledge facts that are consistent with the elements of the crime."). Further, "on a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).

Stark acknowledged the date of the offense, that the offense occurred in Polk County, Iowa, that he entered the garage without any right, license, or privilege to do so, that he so entered with the intent to commit a theft of property he did not own, and that he had no intentions of returning the property to the guardian who was managing the ward's property. The minutes also support the elements, which highlight a video of Stark entering the garage through a back window and driving off with the motorcycle.

Stark admitted to all the factual elements and expressed his desire to plead guilty, even after the court advised him of his right to withdraw his plea. The record reflects a factual basis for the guilty plea and the court did not abuse its discretion by denying Stark's motion in arrest of judgment.

## C. Ineffective Assistance of Counsel

Stark contends his counsel was ineffective due to the failure to adequately investigate the issue of ownership of the motorcycle and for failing to advise him of his rights as they related to the factual basis. However, "an ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822." Iowa Code § 814.7. "[T]he claim shall not be decided on direct appeal from the criminal proceedings." *Id.* Section 814.7 went into effect July 1, 2019. *See Macke*, 933 N.W.2d at 231.

Because Stark's sentence was imposed on November 16, 2020, his claim of ineffective assistance of counsel must be raised in postconviction proceedings, and we cannot consider it.

**AFFIRMED.**