# IN THE COURT OF APPEALS OF IOWA

No. 21-0990
Filed April 27, 2022

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**GERALD M. TUTSON JR.,**
  Defendant-Appellant.

_____

  Appeal from the Iowa District Court for Clinton County, Patrick A. McElyea, Judge.

  Gerald Tutson Jr. appeals following a guilty plea to second-degree robbery and felon in possession of a firearm as a habitual offender. **AFFIRMED.**

  Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

  Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

  Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**VAITHESWARAN, Judge.**

Gerald Tutson Jr. entered a written guilty plea to second-degree robbery and felon in possession of a firearm as a habitual offender. The agreement specified the maximum prison terms for each crime and the mandatory minimum sentences for each crime. The agreement also stated Tutson understood "the judge [could] order each sentence to be served consecutively or concurrently to any other" and his "attorney . . . explained the terms consecutive and concurrent to" him. A calendar entry regarding the plea proceedings, signed by Tutson, stated, "The parties agree Counts I and II shall run consecutively (back-to-back)." The district court accepted the plea agreement and scheduled a sentencing hearing.

Four days after the acceptance, Tutson filed a motion in arrest of judgment, asserting "his pleas of guilty were not entered in to voluntarily, intelligently, or understandingly." He argued "that he was misadvised about, or that he misunderstood, the maximum term of incarceration as well as the mandatory minimums included in his plea agreement." He specifically asserted he "was not advised, or did not understand, that he would be sentenced to a combined 25-year sentence" and "he was not advised, or did not understand, that he would serve a mandatory minimum of 10 years with both counts running consecutively."

The district court denied the motion, reasoning the guilty plea agreement was "extremely clear" concerning "the mandatory minimum" sentences and the fact that the sentences could "run consecutively to one another." The court sentenced Tutson to prison terms not exceeding ten years on the robbery count, with a mandatory minimum of seven years, and fifteen years on the felon-in-

possession-as-a-habitual-offender count, with a mandatory minimum of three years. The court ordered the sentences to "run consecutive to one another for a total term not to exceed 25 years with a mandatory minimum of 10 years."

On appeal, Tutson reprises his assertion that he "did not understand that his 10 year sentenc[e] for robbery 2nd and the 15 year sentence for felon in possession, habitual offender status, could be run consecutive for a total of 25 years" and he "also did not understand that . . . the mandatory minimums would have to be served for a total of 10 years."

We must preliminarily determine whether Tutson may appeal as a matter of right. *See* Iowa Code § 814.6(1)(a)(3) (2021) (stating defendants have no right of appeal from a guilty plea, other than an "A" felony, unless they establish "good cause"). Tutson argues that, "[b]ecause [he] filed a motion in arrest of judgment this court can provide appellate relief on direct appeal." The State counters that "Iowa Code section 814.6(2)(f) makes discretionary review, not direct appeal, the procedural vehicle to attack the denial of a motion in arrest of judgment following a guilty plea."

The court of appeals recently addressed the issue. We stated:

> In the omnibus crime bill [(2019 Iowa Acts chapter 140)], the legislature provided that discretionary review "may be available" from an order denying a motion in arrest of judgment on a ground other than ineffective assistance of counsel. Iowa Code § 814.6(2)(f). That express mention of orders denying motions in arrest of judgment in the discretionary-review list in paragraph (2) suggests the legislature did not intend for courts to analyze those denials under the "good cause" criteria for direct appeal in paragraph (1). *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) ("[W]hen the legislature includes particular language in some sections of a statute but omits it in others, we presume the legislature acted intentionally"); *see also* Iowa R. App. P. 6.106(1)(a) ("An application for discretionary review may be filed with the clerk of the supreme court

to review certain orders specified by statute *which are not subject to appeal as a matter of right.*" (emphasis added)). As the State contends, discretionary review appears to be the proper vehicle for Scott's challenge. So that is the route we navigate today.

*State v. Scott*, No. 20-1453, 2022 WL 610570, at *4 (Iowa Ct. App. Mar. 2, 2022). We find this reasoning persuasive. We conclude an application for discretionary review is the appropriate vehicle to challenge a ruling on a motion in arrest of judgment. We treat Tutson's notice of appeal as an application for discretionary review.

We turn to the State's contention that we "should deny discretionary review because Tutson raises no issue worthy of granting such review."

> An appellate court may grant discretionary review "upon a determination that (1) substantial justice has not been accorded the applicant, (2) the grounds set forth in [Iowa Rule of Appellate Procedure] 6.104(1)(d) for an interlocutory appeal exist, or (3) the grounds set forth in any statute allowing discretionary review exist." Iowa R. App. P. 6.106(2) . . . . [W]e may grant [the defendant's] application if we determine he was not accorded substantial justice or that grounds for allowing discretionary review set forth in section 814.6(2)(f) exist.

*Id.* In comparing the two vehicles for appellate review, we stated, "In the end, we suspect that both of those measures will prove very similar to deciding if 'good cause' exists for the guilty-plea appeal." *Id.*

Tutson argues "[o]ne legally sufficient reason that would be good cause [is] if the defendant claims he did not make an intelligent and voluntary guilty plea and filed a motion in arrest of judgment." Tutson cites our rule on guilty pleas, which states:

> The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in

> open court and inform the defendant of, and determine that the defendant understands, the following:
>
> . . . .
>
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

Iowa R. Crim. P. 2.8(2)(b). We agree that a claimed violation of the rule requiring a defendant to be apprised of the mandatory minimum punishment and the maximum possible punishment satisfies the "substantial justice" standard for granting discretionary review. In reaching that conclusion, we decline to consider the merits of the claimed violation, which in our view would put the cart before the horse. Having concluded that Tutson's application for discretionary review should be granted, we proceed to the merits, reviewing the district court's ruling denying Tutson's motion in arrest of judgment for an abuse of discretion. *See State v. Petty*, 925 N.W.2d 190, 194 (Iowa 2019).

We discern no abuse. The written plea expressly set forth the mandatory minimum sentences for both crimes as well as the maximum punishments, and it expressly stated the sentences could be served consecutively. The calendar entry clarified consecutive meant "back-to-back." Unlike *State v. White*, 587 N.W.2d 240, 241 (Iowa 1998), where the "defendant was never advised of the possibility of consecutive sentences being imposed," Tutson was informed of the possibility and meaning of consecutive sentences.

We affirm Tutson's conviction, judgment, and sentence.

**AFFIRMED.**