# IN THE COURT OF APPEALS OF IOWA

No. 19-1461
Filed September 23, 2020

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**CASSANDRA K. GREENWAY,**
 Defendant-Appellant.

_____

 Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

 Cassandra Greenway appeals the district court order denying her motion in arrest of judgment following her guilty plea. **AFFIRMED.**

 Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

 Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

 Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

Cassandra Greenway appeals the district court order denying her motion in arrest of judgment following her guilty plea to one count of possession of a controlled substance in a detention facility, in violation of Iowa Code section 719.7(4)(b) (2018), and one count of possession of a controlled substance, second offense, in violation of Iowa Code section 124.401(5). On appeal, Greenway argues her motion should have been granted because her guilty plea was not knowingly and voluntarily entered. She asserts her attorney was unprepared to go to trial, so she had no choice but to plead guilty.

Before addressing the merits of the appeal, we must first resolve the question of whether we have jurisdiction to hear it.[1] The State argues the 2019 amendment to Iowa Code section 814.6 negates our jurisdiction to hear this appeal. As amended, Iowa Code section 814.6 now reads, in pertinent part:

> 1. Right of appeal is granted the defendant from:
>    a. A final judgment of sentence, except in the following cases:
>       (1) A simple misdemeanor conviction.
>       (2) An ordinance violation.
>       (3) A conviction where the defendant has pled guilty. This subparagraph does not apply to a guilty plea for a class "A" felony or in a case where the defendant establishes good cause.

2019 Iowa Acts ch. 140, § 28. The 2019 amendment added "a conviction where the defendant has pled guilty" to the types of cases for which there is no right to appeal. *Id.* The amendment took effect July 1, 2019. In this case, Greenway pleaded guilty before July 1, 2019, but judgment and sentence was imposed after

---

[1] We requested, and the parties provided, supplemental briefing to address the jurisdiction issue.

that date. The State cites *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019), in support of its contention that, because judgment and sentence were entered after the effective date of the amendment, the amendment applies and negates our jurisdiction. Interestingly, Greenway also cites *Macke* but argues its holding supports the conclusion that, because Greenway's guilty plea was entered before the amendment took effect, it cannot be used to negate Greenway's statutory right to appeal that existed before the amendment.

We find Greenway has the better of the jurisdictional arguments. In *Macke*, in support of its conclusion the 2019 amendments would be applied prospectively only, our supreme court stated, "Missing from the amendments to Iowa Code sections 814.6 . . . is any language stating the provisions apply retroactively to cases pending on direct appeal on July 1, 2019, *or to guilty pleas accepted before that date.*" 933 N.W.2d at 233 (emphasis added). We find the emphasized language dispositive and conclude the 2019 amendments to section 814.6 do not apply to guilty pleas accepted before July 1, 2019. Since Greenway's guilty plea was accepted before that date, the amendments do not apply, Greenway has the statutory right to appeal, and we have jurisdiction to hear the appeal.

There is one additional hurdle to clear before getting to the merits, and that is the issue of error preservation raised by the State. We choose to bypass that hurdle and proceed without resolving it, as Greenway's appeal fails on the merits.

"We review challenges to denials of motions in arrest of judgment for an abuse of discretion." *State v. Petty*, 925 N.W.2d 190, 194 (Iowa 2019). "We will only find an abuse of discretion if the trial court exercised its discretion on clearly untenable or unreasonable grounds." *Id.*

Greenway argues her "fundamental and Constitutional rights" were violated because her counsel lied to her, did not provide her with discovery documents, and filed a motion alleging Greenway was not competent to stand trial. To the extent this is an attempt to assert an ineffective-assistance-of-counsel claim, we are unable to address it because Greenway has not cited authority or to the record in support of such a claim. *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring the appellant's brief to contain citations to authority and references to the record supporting the appellant's arguments). Moreover, the record is insufficient for us to decide this issue on direct appeal, and counsel should be given the opportunity to explain counsel's actions. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("We will address on direct appeal claims of ineffective assistance of counsel only if we determine the development of an additional factual record would not be helpful and these elements can be decided as a matter of law."); *State v. Bentley*, 757 N.W.2d 257, 264 (Iowa 2008) (noting counsel is entitled to defend counsel's actions through postconviction relief proceedings).

To the extent Greenway is not asserting an ineffective-assistance-of-counsel claim but arguing instead that her motion in arrest of judgment should have been granted on the merits, the record demonstrates no abuse of discretion by the district court. The district court found Greenway's guilty plea to have been given freely, voluntarily, and intelligently. Before accepting Greenway's guilty plea, the district court held a long colloquy with Greenway. Greenway acknowledged she was "choosing to enter a plea of guilty instead of going to trial," and she understood she was pleading guilty without a plea agreement. She also told the district court she was pleading guilty "voluntarily and of [her] own free will," it was her decision

to plead guilty, and she was actually guilty of the two charged offenses.  Based on this record, the district court did not abuse its discretion when it denied Greenway's motion in arrest of judgment.

**AFFIRMED.**