# IN THE COURT OF APPEALS OF IOWA

No. 21-1271
Filed September 21, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICHOLAS WALTER JANVRIN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hamilton County, Derek Johnson, District Associate Judge.

Nicholas Janvrin appeals the district court's order denying his motion in arrest of judgment, requesting his guilty plea be set aside.  **AFFIRMED.**

Jennifer Bennett Finn of Pelzer Law Firm, LLC, Estherville, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall (until withdrawal) and Kyle Hanson, Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Nicholas Walter Janvrin pled guilty to third-degree burglary. The district court accepted the plea and scheduled the matter for sentencing. Janvrin filed a motion in arrest of judgment, which the district court denied as untimely and unsupported by credible evidence. The court later adjudicated Janvrin guilty and imposed sentence.

On appeal, Janvrin contends the district court should not have accepted his plea because (1) "there was no factual basis"; (2) he did not "knowingly and voluntarily sign the guilty plea"; and (3) he "was under the influence of psychotropic medication and could not under[stand] the nature of his guilty plea."

Preliminarily, we must decide whether Janvrin has good cause to raise these issues on direct appeal. *See* Iowa Code § 814.6(1)(a)(3) (2020) (limiting direct appeals from guilty pleas to class "A" felonies or cases "where the defendant establishes good cause"). "Good cause" is a "legally sufficient reason." *State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022). "In determining whether a defendant has asserted a claim on appeal for which an appellate court potentially could provide relief, we do not assess the merits of the claim. Instead, we assess whether the claim is of the type for which an appellate court could provide relief." *Id.*

The court of appeals has concluded that a defendant challenging the factual basis to support a plea lacks good cause to appeal. *See State v. Bundy*, No. 21-1209, 2022 WL 2156162, at *1 (Iowa Ct. App. June 15, 2022); *State v. Manirabaruta*, No. 20-0025, 2021 WL 4890937, at *3 (Iowa Ct. App. Oct. 20, 2021); *State v. Herrera*, No. 20-0113, 2021 WL 2453379, at *1 (Iowa Ct. App.

June 16, 2021). At the same time, where the issue was raised in a motion in arrest of judgment and the district court denied the motion, discretionary review may be available. *See* Iowa Code § 814.6(2)(f); *State v. Stark*, 20-1666, 2022 WL 108582, at *2 (Iowa Ct. App. Jan. 12, 2022) (granting discretionary review of a challenge to the factual basis supporting a plea).

We could elect to grant discretionary review of the district court's ruling on Janvrin's factual basis challenge. But Janvrin's motion in arrest of judgment was untimely. The district court informed Janvrin that any challenges to the plea had to be raised in a motion in arrest of judgment filed "not later than 45 days after [the] guilty plea," and failure to do so would preclude him from raising those challenges on appeal. Janvrin filed his motion in arrest of judgment fifty-three days after he entered his plea. Because Janvrin's motion was untimely, we have no basis for granting relief on his challenge to the factual basis underlying the plea. *Cf. State v. Jackson-Douglass*, 970 N.W.2d 252, 257 (Iowa 2022), *reh'g denied* (Mar. 10, 2022) (finding good cause to appeal a sentencing issue but concluding a motion characterized as a motion in arrest of judgment was untimely and "the district court would not have been able to provide the defendant with any relief"); *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (finding an absence of good cause to appeal as a matter of right where the defendant waived his right to file a motion in arrest of judgment, which "precludes appellate relief").[1] Accordingly, we decline to

---

[1] The plea document Janvrin signed stated he had the right to file a motion in arrest of judgment; the motion had to "be made not later than forty-five days after the plea of guilty"; by waiving the time for sentencing, he was effectively waiving his right to file a motion in arrest of judgment and it was still his wish to waive the time for sentencing and waive his right to file a motion in arrest of judgment.

grant discretionary review of Janvrin's challenge to the factual basis underlying the plea.[2]

The same holds true for Janvrin's assertion that the plea was unknowing and involuntary. See *State v. Tucker*, 959 N.W.2d 140, 153–54 (Iowa 2021) (rejecting the defendant's assertion that "the concept of good cause" should be expanded to "hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right" and noting the defendant "waived his right to file a motion in arrest of judgment," which "preclude[d] appellate relief"). Because his motion in arrest of judgment was untimely, we have no basis for granting relief and, accordingly, no reason to grant discretionary review of his challenge to the knowing and voluntary nature of the plea.[3]

We are left with Janvrin's claim that he was under the influence of psychotropic drugs. This claim potentially implicates his competency.[4] The State concedes that "to the extent Janvrin's claim of being heavily medicated at the time he signed the guilty plea may be interpreted as a competency challenge it may serve as good cause." *See Newman*, 970 N.W.2d at 870–71 ("Our cases hold that a defendant may, without preserving error, challenge on direct appeal the district

---

[2] In any event, Janvrin agreed there was a factual basis for his plea and the district court found a factual basis. The court found Janvrin's testimony, presumably including his testimony that he pled guilty to charges he "didn't do" not credible. "While we are not bound by the district court's findings, we usually defer to fact findings that rely on credibility determinations." *See Gram v. State*, No. 17-0934, 2018 WL 3302002, at *3 (Iowa Ct. App. July 5, 2018).

[3] Even if we were to grant discretionary review, the written guilty plea "presumptively reflect[s] the pleas were voluntary, knowing, and intelligent." *See State v. Minium*, No. 20-1669, 2021 WL 3892815, at *2 (Iowa Ct. App. Sept. 1, 2021).

[4] We give Janvrin the benefit of the doubt as to whether he is simply arguing the plea was "unknowing" or whether he is also asserting an incompetency claim.

court's failure to hold a competency hearing. . . . Because we could potentially provide relief on this type of claim, [the defendant] has asserted a legally sufficient reason to pursue this appeal and has established good cause to appeal as a matter of right."). We proceed to consider the district court's denial of Janvrin's motion in arrest of judgment as it relates solely to the question of Janvrin's competency. Although we review the denial of motions in arrest of judgment for abuse of discretion, our review of whether a district court should have ordered a competency hearing is reviewed de novo. *State v. Petty*, 925 N.W.2d 190, 194 (Iowa 2019); *State v. Einfeldt*, 914 N.W.2d 773, 778 (Iowa 2018).

"In determining competency, the critical question is whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Newman*, 970 N.W.2d at 871 (internal quotations and citations omitted). "There is a presumption that a defendant is competent, and the defendant has the burden to prove incompetence." *Id.*; *accord* Iowa Code § 812.3(1).

Janvrin agreed to dispense with a court colloquy on his written guilty plea. At a hearing on his motion in arrest of judgment, he testified he was "[h]eavily medicated" at the time he signed the plea agreement. He said one of the medications made him "[z]ombielike" and subject to "confusion" and the other "makes you a little bit slower." A jailer agreed he was on medications and he confirmed one of them, but he could not confirm Janvrin was on them when he signed the guilty plea. In his words he would "be guessing." Janvrin did not produce jail records to corroborate the medications disbursed to him at the time of

his plea or call the "telehealth doctor" referenced by the jailer.[5]  Indeed, he failed to offer any medical records that might have shed light on whether or when he had a mental illness, the purposes of the medications, whether the medications effectively treated any diagnosed conditions, or "how they affected his cognition." *See State v. Scott*, No. 20-1453, 2022 WL 610570, at *5 (Iowa. Ct. App. Mar. 2, 2022).  In short, he did little to refute his acknowledgment in the plea document that he was "not presently under the care of a physician, psychiatrist or psychologist, and [was] not at this time under the influence of any alcoholic beverage or medication."  *See id.*

Janvrin also provided the court with a rational explanation of why he pled guilty, an explanation that was at odds with his assertion that he "didn't even understand what any of it was."  At the hearing on the motion in arrest of judgment, he agreed he wrote a letter to the court after the plea was entered stating he "had to take a plea deal for charges [he was] not guilty of to get out and take care of [his] dog."  He added, he also had to take care of his grandma.  On our de novo review, we conclude Janvrin did not establish he was entitled to a competency hearing. We further conclude the district court did not abuse its discretion in denying Janvrin's motion in arrest of judgment.  We affirm his plea, conviction, and sentence for third-degree burglary.

**AFFIRMED.**

---

[5] Janvrin testified he "didn't have a doctor" at the time of the plea but "was experimenting with trying to get [his] mind on the right medication."